

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-7-2005

# USA v. Santos-Estrella

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2346

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Santos-Estrella" (2005). *2005 Decisions.* Paper 891.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/891

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No.: 04-2346

UNITED STATES OF AMERICA

v.

ROBERTO SANTOS-ESTRELLA,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No.: 03-CR-00759
District Judge: The Honorable Mary A. McLaughlin

Argued June 29, 2005

Before: NYGAARD, SMITH, and FISHER, *Circuit Judges*

(Filed:July 7, 2005)

David E. Troyer [Argued]
Office of the United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, Pennsylvania 19106
        *Counsel for Appellee*

Robert Epstein
Brett G. Sweitzer [Argued]
Defender Association of Philadelphia
Federal Court Division
601 Walnut Street

Suite 540 West - The Curtis Center
Philadelphia, Pennsylvania 19106
   *Counsel for Appellant*

---

OPINION OF THE COURT

---

SMITH, *Circuit Judge*.

Roberto Santos-Estrella pleaded guilty to being an alien who unlawfully reentered the United States after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). He was sentenced to forty-one months of imprisonment, followed by three years of supervised release. This appeal does not challenge his conviction. Rather, Santos-Estrella contends, for the first time, that the District Court erred in calculating his offense level under United States Sentencing Guideline ("U.S.S.G.") § 2L1.2(b)(1)(A)(i) by applying the 16 level enhancement for prior "drug trafficking" offenses. Application of this enhancement, according to Santos-Estrella, was precluded under the formal categorical approach embraced in *United States v. Taylor*, 495 U.S. 575 (1990), because the New York statute under which he had been previously convicted required proof of possession only. Santos-Estrella also asserts that the District Court erred in refusing to depart downward because it believed it lacked the authority to do so. Relying on *Blakely v. Washington*, 124 S.Ct. 2531 (2004), Santos-Estrella argues that the District Court's findings at sentencing violated his Fifth and Sixth Amendment rights.

On March 9, 2005, the United States Supreme Court issued its decision in *United*

2

*States v. Booker*, 125 S.Ct. 738 (2005), holding that the federal sentencing guidelines were not mandatory, but advisory only. *Id.* at 757. In the wake of the Supreme Court's decision, this Court requested that the parties address *Booker*'s applicability. Although Santos-Estrella asserted that *Booker* applied, he maintained that the sentencing issues he raised should be resolved.

Thereafter, in *United States v. Davis*, 407 F.3d 162 (3d Cir. 2005) (en banc), this Court explained that in direct appeals of sentences imposed before *Booker*, where the District Court erroneously treated the Guidelines as mandatory rather than advisory and where we are unable to "ascertain whether the District Court would have imposed a greater or lesser sentence under an advisory framework," prejudice in a plain error analysis "can be presumed." *Id.* at 164-65. We declared that a "[f]ailure to remand for resentencing . . . could adversely affect the fairness and integrity of the proceedings. Accordingly, defendants sentenced under the previously mandatory regime whose sentences are being challenged on direct appeal may be able to demonstrate plain error and prejudice." *Id.* at 165. Thus, we concluded that in such cases a remand for resentencing is warranted so the District Court may consider the appropriate sentence in the first instance. *Id.* at 166.

In light of our holding in *Davis*, we asked counsel for Santos-Estrella during oral argument whether, if we remanded for resentencing under *Booker*, we were required to reach the issues he raised on appeal. We also noted that Santos-Estrella had not raised his

challenge to the sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) when he was before the District Court and that there existed the possibility that the District Court might agree with his position on remand. Counsel conceded that our consideration of the appropriateness of this sentencing enhancement was not "a strict necessity." We agree. Consistent with *Davis*, 407 F.3d at 166, we conclude that the sentencing issues raised by Santos-Estrella, including the applicability of both the enhancement in § 2L1.2(b)(1)(A)(i) and *Taylor*'s categorical approach, are best determined by the District Court in the first instance. For that reason, we will affirm Santos-Estrella's conviction, vacate his sentence, and remand for resentencing in accordance with *Booker*.