

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-25-2005

# USA v. Bronson

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3297

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Bronson" (2005). *2005 Decisions.* Paper 784.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/784

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-3297

_____

UNITED STATES OF AMERICA

v.

JOHN I. BRONSON, JR.,

*Appellant*

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. No. 03-cr-00087)
District Judge: Honorable Joy F. Conti

_____

Submitted Under Third Circuit LAR 34.1(a)
July 12, 2005
Before: ALITO, BECKER, and GREENBERG, *Circuit Judges*

(Filed:   July 25, 2005)

_____

OPINION

_____

BECKER, *Circuit Judge*.

John I. Bronson, Jr., appeals from a judgment in a criminal case entered pursuant

to a conditional plea of guilty to distribution of Oxycontin. He appeals his conviction based on a suppression claim, and his 151 month prison sentence based on *United States v. Booker*, 543 U.S. —, 125 S. Ct. 738 (2005). Because the parties are fully familiar with the background facts and procedural history we need not set them forth, and limit our discussion to our *ratio decidendi.* We find no merit to Bronson's suppression claim, hence we will affirm the conviction. However, in accordance with the Court's *Booker* protocols, we will remand for resentencing.

On the suppression issue, Bronson makes two closely related arguments: that his statements to the police were involuntary, and that his *Miranda* waiver was involuntary. Bronson argues that his actions were involuntary because he was drunk, and because the police coerced cooperation out of him by promising to let him see his fifteen-year-old daughter, who had recently been returned to his custody, if he gave them what they wanted.

Both of these arguments are, however, dispatched by the District Court's careful and comprehensive findings of fact. The District Court found that "defendant expressed concern about his daughter; defendant asked that he be allowed to call her, and defendant was allowed to call his daughter on his cell phone." Bronson's cell-phone records, as well as the testimony of several witnesses, support this conclusion. The District Judge further found that "it is clear that the troopers did not engage in any deceit, coercion, intimidation tactics or attempts to improperly influence defendant by making promises

2

with regards to his daughter." These findings all have ample support in the record.

Similarly, as to Bronson's claims of intoxication, the District Court found that Bronson's own expert, Dr. Ralph Tarter, testified that Bronson would have had a blood alcohol concentration (BAC) of .069% at the time of his arrest, below the level of legal intoxication. At the time he wrote out his statements, Bronson's BAC was zero. Dr. Tarter also testified that "people who regularly abuse alcohol," as Bronson concededly did, "can often function at blood alcohol concentration levels of .069 and higher." The District Court also found that Bronson exhibited no signs of intoxication to any of the troopers. There was extensive evidence for all of these findings.

Given these findings, as well as the detailed and thorough waivers that Bronson signed, and the careful procedures followed by the police, the District Court's order denying the motion to suppress evidence will be affirmed. Having determined that the sentencing issues appellant raises are best determined by the District Court in the first instance, we will vacate the sentence and remand for resentencing in accordance with *Booker*. *See United States v. Davis*, 407 F.3d 162 (3d Cir. 2005) (opinion sur denial of rehearing en banc).