**UNITED STATES of America, Appellee**

v.

**Jan STEVENS, Appellant.**

No. 04–1194.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) Jan. 20, 2005.

Decided July 27, 2005.

Curtis R. Douglas, Office of United States Attorney, Philadelphia, PA, for Appellee.

Elayne C. Bryn, Philadelphia, PA, for Appellant.

Before ALITO, McKEE and SMITH, Circuit Judges.

OPINION

McKEE, Circuit Judge.

Jan Stevens appeals the sentence of ninety-three months' imprisonment imposed following his conviction for firearms offenses and conspiracy to distribute cocaine. He argues that the District Court erred by enhancing his sentence based on uncharged conduct and on the fact that he committed the instant offenses less than two years after being released from prison on a prior drug-related offense. For the reasons that follow, we will remand for resentencing pursuant to the Supreme Court's recent pronouncements in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Because we write primarily for the parties, it is not necessary to recite the facts or procedural history of this case except insofar as may be helpful to our brief discussion. At sentencing, the government requested an upward departure pursuant to section 4A1.3 of the U.S. Sentencing Guidelines based upon two uncharged crimes that the government alleged Stevens was involved with. The government also argued that Stevens' criminal history under-represented his propensity toward violence and informed the sentencing court that Stevens was implicated in criminal cases then pending in state court that would elevate his Criminal History Category to "VI" if he was convicted. Defense counsel objected to the requested enhancement and argued that Stevens could not refute the uncharged crimes without waiving his rights under the Fifth Amendment.

The government also introduced a letter from the Federal Department of Corrections in support of its argument that Stevens's sentence should be increased because of his conduct while detained awaiting trial and sentencing on the instant charges.

In imposing the sentence, the District Court stated that it had considered Stevens's behavior while in prison, the pending state court actions, and the fact that the instant offenses were committed less than two years from Stevens's release from custody for a drug related offense.

The District Court imposed sentence in January, 2004. Thereafter, the Supreme Court decided *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Briefly stated, "[t]he Court held that 18 U.S.C. § 3553(b)(1), the provision of the Sentencing Reform Act that makes the Guidelines mandatory, was [unconstitutional] and that it must be severed

and excised [from the Guidelines]." *United States v. Ordaz*, 398 F.3d 236, 239 (3d Cir.2005). The Court also reaffirmed the holding of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), wherein the Court had stated: "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Following the Supreme Court's decision, Stevens asked to be resentenced pursuant to *Booker*.

In *United States v. Davis*, 407 F.3d 162 (3d Cir.2005) (*en banc*), we explained how we would resolve direct appeals of sentences imposed before *Booker* was decided, where courts had erroneously treated the Guidelines as mandatory rather than advisory. We stated that where we could not determine "whether the District Court would have imposed a greater or lesser sentence under an advisory framework," prejudice in a plain error analysis "can be presumed." *Id.* at 164–65. We reasoned that, given the law of sentencing after *Booker*, "[f]ailure to remand for resentencing ... could adversely affect the fairness and integrity of the proceedings." *Id* at 165. Thus, we concluded that defendants sentenced under the prior mandatory guideline regime whose sentences were on direct appeal at the time of the *Booker* decision should have their sentencing challenge remanded to the District Court for resentencing pursuant to the pronouncements of *Booker*.

Accordingly, we will "vacate [Stevens's] sentence, and remand for consideration of the appropriate sentence by the District Court." *Davis*, 407 F.3d at 166.