

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-20-2005

# USA v. Ramirez-Erregun

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1579

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Ramirez-Erregun" (2005). *2005 Decisions.* Paper 526.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/526

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-1579
_____

UNITED STATES OF AMERICA

v.

GREGORIO RAMIREZ-ERREGUN,
<u>Appellant</u>

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 03-cr-00401)
District Judge: Hon. Michael M. Baylson

_____

Submitted Under Third Circuit LAR 34.1(a)
September 16, 2005

Before: SLOVITER, BARRY and SMITH, <u>Circuit Judges</u>

(Filed:    September 20, 2005)

_____

<u>OPINION</u>

SLOVITER, Circuit Judge.

Gregorio Ramirez-Erregun pled guilty to charges of unlawful entry after deportation and was sentenced to forty-one months imprisonment. He appeals from the sentence. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.

## I.

Because the parties are familiar with the case, we will cite only the pertinent facts. Ramirez-Erregun, a citizen of Mexico, was indicted for unlawful reentry into the United States after deportation, in violation of 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b)(2). After Ramirez-Erregun pled guilty to the indictment, the District Court sentenced Ramirez-Erregun to forty-one months imprisonment, a term of supervised release of three years, and a special assessment of $100.

The District Court based Ramirez-Erregun's sentence on the then-mandatory United States Sentencing Guidelines. Under the Sentencing Guidelines, the base level for the offense to which Ramirez-Erregun pled guilty is eight. U.S.S.G. § 2L1.2(a). Because Ramirez-Erregun had previously been convicted of an aggravated felony for transporting an alien, his sentence was increased by a level of sixteen. See U.S.S.G. § 2L1.2(b)(1)(A)(vii). The prior felony also raised his criminal history to category II. He received a three-level adjustment for acceptance of responsibility pursuant to § 3E1.1(a) and (b), yielding a total offense level of twenty-one. Under the Guidelines, an adjusted offense level of twenty-one and a criminal history category of II results in a sentence

2

ranging from forty-one to fifty-one months imprisonment.

Ramirez-Erregun filed a Motion for a Downward Departure pursuant to U.S.S.G. § 4A1.3(b)(1). In his motion, Ramirez-Erregun argued that his prior conviction for transporting an alien had disproportionately increased his sentence because it resulted not only in a sixteen-level increase, but also raised his criminal history category from I to II. Ramirez-Erregun also claimed that the increased sentence was not warranted because his involvement in the original crime was minimal: he simply transported fourteen illegal aliens who were already in the country to a place where they sought work and received "an extremely small amount of money for his participation in this illegal activity." Supp. App. at 18a.

The Government opposed Ramirez-Erregun's Motion for a Downward Departure. In its response to the motion, the Government contested the "defendant's recitation of the . . . facts of the offense, specifically that the defendant did not receive any money from the illegal aliens and only received $250 to drive the illegal aliens to North Carolina from Arizona." Supp. App. at 32a. Material witnesses "stated that the defendant agreed to transport them for $750 each to be paid after they received work with the help of the defendant." Id.

The District Court denied Ramirez-Erregun's motion and sentenced him to forty-one months imprisonment, noting that this "was the lowest sentence possible under the guideline range applicable." Record at 41. The District Court also noted that the

3

sentence was "in the middle of the guideline range if the defendant had been sentenced in Category number I. It is also within the range if [the court] had given the defendant a one or two-level departure." Record at 41.

## II.

On appeal, Ramirez-Erregun argues that the District Court's failure to grant his Motion for Downward Departure from the Sentencing Guidelines was an abuse of discretion. He repeats the arguments he made in his Motion for Downward Departure: that his prior conviction disproportionately increased his sentence and that the increased sentence is not warranted because his involvement in the prior crime was minimal.

The Government argues that this court does not have jurisdiction over Ramirez-Erregun's appeal. There may be some merit to the Government's argument but because Ramirez-Erregun's appeal raises a Booker issue, over which we do have jurisdiction,[1] we need not resolve the issue the Government presses.

## III.

In United States v. Booker, the Supreme Court held that the once-mandatory Sentencing Guidelines are "effectively advisory." ___ U.S. ___, 125 S. Ct. 738, 757

---

[1] 18 U.S.C. § 3742(a) (2) provides that "a defendant may file a notice of appeal . . . for review of an otherwise final sentence if the sentence was . . . imposed as a result of an incorrect application of the sentencing guidelines." Because the District Court believed that the Sentencing Guidelines were mandatory, its application of the Guidelines was incorrect. Therefore, this court has jurisdiction over Ramirez-Erregun's appeal.

(2005). At the time of Ramirez-Erregun's sentencing, the District Court did not have the benefit of the Supreme Court's decision in Booker.

The Government's argument that Ramirez-Erregun waived any claims under Booker, while true, is not fatal to Ramirez-Erregun's appeal. This court has the power to address Ramirez-Erregun's claim under Booker even if that claim was waived. In Bagot v. Ashcroft, 398 F.3d 252, 256 (3d Cir. 2005), we stated: "This Court has discretionary power to address issues that have been waived. . . . [It] may consider a pure question of law even if not raised below where refusal to reach the issue would result in a miscarriage of justice or where the issue's resolution is of public importance." (citations omitted). Ramirez-Erregun's claim is a question of law that requires no additional findings of fact. Failure to address Ramirez-Erregun's claim under Booker would result in a miscarriage of justice because "a defendant's substantial rights may have been affected where the District Court erred by treating the Guidelines as mandatory rather than advisory." United States v. Davis, 407 F.3d 162, 164 (3d Cir. 2005) (en banc). Therefore, notwithstanding the Government's argument and Ramirez-Erregun's counsel's statement that Booker has no bearing on the determination of Ramirez-Erregun's appeal, we address Ramirez-Erregun's claim under Booker.

Following Booker, we held in Davis that defendants sentenced under the prior mandatory guideline regime whose sentences were on direct appeal at the time of the Booker decision should have their sentencing challenge remanded to the District Court

5

for re-sentencing pursuant to the pronouncements of <u>Booker</u>.  <u>Davis</u>, 407 F.3d at 165.

Therefore, we will affirm the judgment of conviction but vacate the sentence and remand

for re-sentencing.[2]

---

.

---

[2]  Our decision in <u>Davis</u> mandates that Ramirez-Erregun's sentence be vacated even though the Government argues that there is no merit to defendant's claim that the District Court abused its discretion in refusing him a downward departure.