

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-14-2005

# USA v. Diaz-Cruz

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4370

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Diaz-Cruz" (2005). *2005 Decisions.* Paper 406.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/406

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 04-4370

UNITED STATES OF AMERICA

v.

OSCAR REYNALDO DIAZ-CRUZ,
Appellant

Appeal from the United States District Court
for the District of New Jersey
(Crim. No. 03-cr-00657)
District Judge: Hon. Jose L. Linares

Submitted pursuant to Third Circuit LAR 34.1(a)
Friday, September 16, 2005

Before: ROTH, McKEE and FISHER,
Circuit Judges

(Opinion filed:   October 14, 2005)

OPINION

McKEE, Circuit Judge.

    Oscar Reynaldo Diaz-Cruz appeals the sentence that was imposed following

acceptance of his guilty plea. For the reason that follows, we will vacate the sentence and

remand for resentencing pursuant to *United States v. Booker*, __ U.S. __, 125 S.Ct. 738

(2005). *See United States v. Davis*, 407 F.3d 162 (3d Cir. 2005).

1

## I.

Because we write primarily for the parties, we recite only the facts and procedural history that are necessary to the disposition of this appeal. Pursuant to a plea agreement, Diaz-Cruz pleaded guilty to a one-count indictment charging him with illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2). The plea agreement stipulated that the applicable Sentencing Guideline was U.S.S.G. § 2L1.1, which carried a base offense level of 8, and that Diaz-Cruz had been convicted of an offense that qualified as an aggravated felony. That resulted in a sixteen-level increase in the offense level. The parties also agreed that if Diaz-Cruz's acceptance of responsibility continued through sentencing, he would be eligible to receive a three-level downward adjustment. Diaz-Cruz agreed to a limited waiver of appeal that barred any challenge to the "determination or imposition of the offense level, if the total offense level determined by the court is equal to or less than 21." App. 7-72, ¶ 5.

The guilty plea was accepted by the district court on April 19, 2004. However, after the plea was entered, but before the Presentence Investigation Report ("PSR") was prepared, the Supreme Court issued its decision in *Blakely v. Washington*, __ U.S. __, 124 S.Ct. 2531 (2005). At sentencing, Diaz-Cruz argued that *Blakely*'s reasoning applied to the Sentencing Guidelines. More specifically, he argued that *Blakely*'s rationale precluded the assessment of two points pursuant to U.S.S.G. § 4A1.1(e) (applicable when a defendant has committed the instant offense within two years of his release from

2

custody). The district court disagreed with Diaz-Cruz based on his admissions at the plea colloquy, and Diaz-Cruz is not pursuing that argument on appeal. The district court imposed a term of imprisonment of 87 months, which was within the guidelines range of 77 to 96 months.

In doing so, the court noted that, even if it had refused to apply the two-point assessment, which would have resulted in a range of 70 to 87 months, it "would have probably" imposed a sentence at the top of that lower range. App. 24:19-22. The district court "applied the Guidelines and all relevant enhancements in this case." App. 12.

On appeal, Diaz-Cruz does not contest the district court's assessment of the two points. Rather, he argues that the district court failed to sentence him in accordance with the principles enunciated by the Supreme Court in *United States v. Booker*, __ U.S. __, 125 S.Ct. 738 (2005). Under *Booker*, the Sentencing Guidelines are "effectively advisory." *Id.* at 757. Accordingly, district courts will now consider the applicable advisory Guidelines in addition to the factors set forth in 18 U.S.C. § 3553(a).

Although *Booker* was decided after Diaz-Cruz was sentenced, *Booker* is applicable to all cases on direct review. 125 S.Ct. at 769. Accordingly, pursuant to our decision in *United States v. Davis*, 407 F.3d 162 (3d Cir. 2005), we will vacate the sentence and remand for resentencing pursuant to *Booker*.

3