

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-26-2005

# USA v. Aronowitz

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4044

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Aronowitz" (2005). *2005 Decisions.* Paper 341.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/341

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 04-4044

_____

UNITED STATES OF AMERICA

v.

ALAN I. ARONOWITZ,
                    Appellant

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Crim. Action No. 03-cr-00261-1)
District Judge:  Hon. Arthur J. Schwab

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 19, 2005

BEFORE:  SMITH, STAPLETON and NYGAARD, Circuit Judges

(Opinion Filed October 26, 2005)

_____

OPINION OF THE COURT

_____

STAPLETON, Circuit Judge:

From 1997 to 2002, Alan Aronowitz, a licensed dentist, charged an insurance company as if he had performed certain root canal procedures even though he had in fact unlawfully allowed dental assistants to do the work. In 2004, he pled guilty to health care fraud under 18 U.S.C. § 1347 and was sentenced to 48 months of imprisonment.

Aronowitz was sentenced after the Supreme Court had decided *Blakely v. Washington*, 542 U.S. 296 (2004), but before *United States v. Booker*, 125 S. Ct. 739 (2005), when the validity of the U.S. Sentencing Guidelines was somewhat in doubt. The District Court found the Sentencing Guidelines to be unconstitutional, but nevertheless considered the suggested guidelines range for the offense as informing the decision rather than mandating it, an approach later prescribed by the Supreme Court. *See Booker*, 125 S. Ct. at 756-57. At sentencing, the District Court found that the amount of loss in Aronowitz's case was between $199,000 and $344,000, a fact which had been included in a Presentence Report calculating a 41-51 month sentencing range. The District Court was reminded of that range at sentencing. The District Court sentenced Aronowitz to 48 months which "adequately conforms with the statutory objectives of [18 U.S.C. § 3553] . . . [and is] appropriate to address the sentencing objectives including punishment, rehabilitation, and deterrence." App. at 138.

While Aronowitz's sentence was enhanced based on facts neither admitted to nor found by a jury, he does not complain that his Sixth Amendment rights were violated by

raising a *Booker* challenge on appeal. In addition, remanding to allow the District Court to resentence in light of *Booker* would be redundant in this case since the District Court essentially applied the analysis called for by that case. Thus, the framework enunciated in *United States v. Davis*, 407 F.3d 162 (3d Cir. 2005) (en banc), does not apply to Aronowitz's sentence. Instead, we will review the District Court's application of the Guidelines *de novo*, as under our prior case law, *see, e.g.*, *United States v. Brennan*, 326 F.3d 176, 200 (2003), and Aronowitz's sentencing for "unreasonableness." *See Booker*, 125 S. Ct. at 765-66.

Aronowitz argues on appeal that the District Court erred by finding that he caused *any* monetary loss in determining his sentence. Aronowitz argues that there were no "losses" because there was no proof that any of his patients were harmed by the root canals that he had his employees perform unlawfully. *Id.* at 14. He relies on *United States v. Maurello*, 76 F.3d 1304 (3d Cir. 1996), and *United States v. Hayes*, 242 F.3d 113 (3d Cir. 2001), as establishing the proposition that, for the purposes of sentencing those who fraudulently offer professional services to the public, "loss" may not include the services that were "satisfactory" and "have not harmed" the public. *Maurello*, 76 F.3d at 1311-12. According to Aronowitz, because the government did not make any showing that patients were harmed by the root canal procedures, the District Court was wrong to consider that his conduct caused any loss.

Aronowitz's reliance on *Maurello* and *Hayes* is misplaced because those cases

3

have been disavowed by the U.S. Sentencing Commission. In November 2001 (10 months after *Hayes* was decided), an Application Note was added to the Sentencing Guidelines that read:

> In a case involving a scheme in which . . . services were fraudulently rendered to the victim by persons falsely posing as licensed professionals . . . loss shall include the amount paid for the property, services or goods transferred, rendered, or misrepresented, with no credit provided for the value of those items or services.

U.S. Sentencing Guidelines Manual § 2B1.1, cmt. n.3(F)(v). The Sentencing Commission specified *United States v. Maurello* as one of the two cases prompting the addition of this Application Note:

> This rule reverses case law that has allowed crediting (or exclusion from loss) in cases in which services were provided by persons posing as attorneys and medical personnel. *See U.S. v. Maurello*, 76 F.3d 1304 (3d Cir. 1996) . . . The Commission determined that the seriousness of these offenses and the culpability of these offenders is best reflected by a loss determination that does not credit the value of the unlicensed benefits provided.

U.S. Sentencing Guidelines Manual app. C, vol. II, amend. 617, at 183-84 (2003).

Commentary to the Sentencing Guidelines is as binding as the Guidelines themselves are on the sentencing court. *See Stinson v. U.S.*, 508 U.S. 36, 46 (1993) ("Amended commentary is binding on the federal courts even though it is not reviewed by Congress, and prior judicial constructions of a particular guideline cannot prevent the Commission from adopting a conflicting interpretation . . . ."). While, as we have noted, *Booker* instructs that the Sentencing Guidelines are no longer "mandatory," it also finds

4

that the Guidelines are "advisory" and requires that sentencing courts consider the advice they give. *Booker*, 125 S. Ct. at 756-57. If District Courts, required to be informed and guided by the Guidelines before imposing sentences, continue to follow an interpretation of the guidelines that has been effectively overruled, then they would be to be misinformed and misguided by them. So, while the Guidelines as interpreted in the Commentary are not "controlling" in that they no longer dictate a sentence within the specified range, they are "controlling" in the sense that the Sentencing Commission retains the power to divest this Court's case law interpreting the guidelines of its precedential force.

Because the Application Note in this case is "controlling" in that it divests *Maurello* and *Hayes* of their precedential force, the District Court here could refuse to consider it only if doing so would raise *ex post facto* concerns. *See United States v. Marmolejos*, 140 F.3d 488, 493 n.7 (3d Cir. 1998) ("Commission commentary . . . remains controlling authority, that is to be applied in all but the most limited circumstances . . . despite any conflict with established precedent, unless *ex post facto* concerns are present.") (citations omitted). Here, not only did Aronowitz not raise any *ex post facto* concerns on appeal, but our Court has found that no *ex post facto* problem is presented by applying Guideline amendments to criminal conduct – even if the amendments that do more than merely "clarify" the law – as long as the amendments took effect during the course of the criminal conduct. *See United States v. Brennan*, 326 F.3d

176, 198 (3d Cir. 2003) (finding that, while "an amendment [that] overrules a prior judicial construction of the guideline . . . is substantive" (and not a "clarifying" amendment), such amendments "would still not violate the *ex post facto* clause if the fraud continued after the effective date of the amendment").  This Application Note took effect in November 2001.  U.S. Sentencing Guidelines Manual app. C, vol. II, amend. 617, at 186 (2003).  Aronowitz's course of conduct continued through 2002.  Even though this Application Note effectively overrules prior precedent, it is constitutional to apply it to Aronowitz's criminal conduct.

Reviewing the District Court's determination under the sentencing guidelines *de novo*, the sentencing range considered by the District Court did not rest on an improper calculation of loss under the Guidelines based on the amended commentary.  As this was the only error raised on appeal, Aronowitz's sentencing was not "unreasonable" and the judgment of the District Court will be affirmed.

6