

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-22-2005

# USA v. Buckner

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4425

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Buckner" (2005). *2005 Decisions.* Paper 208.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/208

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 04-4425

UNITED STATES OF AMERICA

v.

JAMES BUCKNER,

Appellant

Appeal from the United States District Court
for the Middle District of Pennsylvania
(Crim. No. 03-cr-00352)
District Judge: Hon. Christopher C. Connor

Submitted pursuant to Third Circuit LAR 34.1(a)
Friday, September 16, 2005

Before: ROTH, McKEE and FISHER,
Circuit Judges

(Opinion filed: November 22, 2005 )

OPINION

McKEE, Circuit Judge.

James Buckner appeals from his judgment of sentence, arguing that the district

court improperly applied one criminal history point for his prior state conviction for

possession of a small amount of marijuana. We disagree and for the reasons that follow,

will affirm the judgment of sentence.

# I.

Buckner was sentenced under the previously mandatory regime of the Federal Sentencing Guidelines. However, the Supreme Court's decision in *United States v. Booker*, __ U.S. __, 125 S.Ct. 738 (2005), worked a sea change in federal sentencing. Under *Booker*, mandatory enhancement of a maximum sentence under the sentencing guidelines based on facts neither admitted by the defendant nor found by a jury, violates the Sixth Amendment. Thus, after *Booker*, the sentencing guidelines are "effectively advisory." *Id.* at 757. Accordingly, district courts will now consider the applicable advisory guidelines in addition to the factors set forth in 18 U.S.C. § 3553(a).

Although *Booker* was decided after Buckner was sentenced, *Booker* is applicable to all cases on direct review. 125 S.Ct. at 769. Therefore, in accordance with the practice we established in *United States v. Davis*, 407 F.3d 162 (3d Cir. 2005), Buckner and his counsel were directed to state whether they wished to challenge Buckner's sentence under *Booker*. Buckner has decided that he does not challenge his sentence pursuant to *Booker*. Accordingly, we will decide his appeal on the merits. *See Davis*, at 166.

# II.[1]

Buckner makes two arguments in his appeal. First, he contends that the state

---

[1] Because we write only for the parties, we recite only the facts and procedural history necessary to our brief discussion of this appeal.

conviction for a small amount of marijuana is classified as a Class C misdemeanor under federal law and, therefore, pursuant to § 1B1.9 of the guidelines, that conviction should not have been included in the calculation of his criminal history category.[2] We disagree. Section 1B1.9 applies to a situation where the defendant is charged with a Class B *or* C misdemeanor. It has nothing to do with the calculation of a defendant's criminal history category. Rather, § 4A1.2(c)(1) provides that all misdemeanor and petty offenses are counted for criminal history purposes, except for certain enumerated offenses that are not factored into the calculation. Possession of marijuana is not listed as one of those enumerated offenses that limits the counting.

Buckner's second argument is that because he was fined for the state marijuana conviction and not sentenced to prison, that conviction cannot be included in the criminal history calculation. We again disagree. The Supreme Court has held that an uncounseled misdemeanor offense that carries with it no sentence of imprisonment is

---

[2]Section 1B1.9 of the guidelines provides:

> The sentencing guidelines do not apply to any count of conviction that is a Class B or C misdemeanor or an infraction.

Buckner argues that under Pennsylvania law, the crime of possession of a small amount of marijuana is punishable by a maximum term of imprisonment of 30 days, or a fine of up to $500, or both. 35 PA. CONS. STAT. ANN. §§ 780-113(a)(31), (g). Therefore, because the guidelines provide that a "Class C misdemeanor is any offense for which the maximum authorized term of imprisonment is more than five days but not more than thirty days," U.S.S.G. 1B1.9 cmt. n.1, Buckner contends that the state marijuana conviction cannot be included in the calculation of his criminal history category.

3

properly counted in the calculation of a defendant's criminal history category, and Buckner's argument to the contrary is therefore without merit. *Nichols v. United States*, 511 U.S. 738, 746-49 (1994).

## III.

For the above reasons, we will affirm the judgment of sentence.