

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-6-2005

# USA v. Hlinak

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3780

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Hlinak" (2005). *2005 Decisions.* Paper 159.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/159

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 04-3780

————

UNITED STATES OF AMERICA

v.

JEFFREY HLINAK,
Appellant

————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 04-cr-00091)
District Judge: Honorable William W. Caldwell

————

Submitted pursuant to Third Circuit LAR 34.1(a)
November 14, 2005

Before: ROTH, FUENTES, and BECKER, Circuit Judges.

(Filed December 6, 2005)

OPINION OF THE COURT

————

FUENTES, Circuit Judge.

Appellant Jeffrey Hlinak's response to this Court's Order dated March 7, 2005

regarding the applicability of United States v. Booker, 125 S.Ct. 738 (2005), states that he

"challenges only his sentence." Pursuant to said Order, such a statement is to be "construed as waiving any issues related to the conviction." We therefore address only the sentencing issue. In United States v. Davis, 407 F.3d 162 (3d Cir. 2005) (en banc)–an opinion relating to the denial of a government petition for rehearing en banc concerning a Booker claim on plain-error review–this Court stated that except in limited circumstances, we will presume prejudice and direct a remand for resentencing where the District Court imposed a sentence in the belief that the applicable Sentencing Guidelines were mandatory. That was the situation here, and we perceive no circumstance in this case which warrants a different result from that found in Davis. Having determined that the sentencing issues appellant raises are best determined by the District Court in the first instance, it is ORDERED and ADJUDGED that the Appellant's request for summary remand is GRANTED. The Appellant's sentence is VACATED and this matter is REMANDED for resentencing in accordance with Booker.