

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-2005

# USA v. Kong

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2433

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation
"USA v. Kong" (2005). *2005 Decisions*. Paper 72.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/72

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 04-2433

UNITED STATES OF AMERICA

v.

SAM KONG,
a/k/a
Sam Yee Kong,
a/k/a
Siu Yee Kong

Sam Kong,
Appellant

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Criminal Action No.03-241-01)
District Judge: The Honorable J. Curtis Joyner

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 15, 2005

Before: SLOVITER, SMITH and VAN ANTWERPEN, *Circuit Judges*

(Filed: December 21, 2005)

OPINION OF THE COURT

SMITH, *Circuit Judge*.

Sam Kong, the owner and President of Sam Kong Fashions, Inc., a garment sewing business in Philadelphia, Pennsylvania, was indicted and charged with two counts of willfully making and subscribing to false corporate income tax returns in violation of 26 U.S.C. § 7206(1). On October 30, 2003, a jury found him guilty on both counts. The District Court sentenced Kong to thirty months imprisonment for each count and one year of supervised release, imposed a fine of $5000, and ordered him to pay $426,851 in outstanding taxes. Kong appeals his conviction and sentence. He contends that the District Court improperly conducted *voir dire* and wrongly instructed the jury regarding a defense which he had not raised. For the reasons set forth below, we will affirm Kong's conviction. Consistent with this Court's decision in *United States v. Davis*, 407 F.3d 162 (3d Cir. 2005) (en banc), however, we will remand this case to the District Court for resentencing.

## I.

Kong is a native of China and has a limited command of the English language. In order to ferret out any biases of the prospective jurors at his trial–and at the request of defense counsel–the District Court asked the venire persons whether any of them "would require everybody that comes to this country to learn the English language?" Twelve individuals raised their hands in response to the question. The Court then explained to the first prospective juror who raised his hand:

There is no requirement under law that requires everyone that comes to this country to learn English. There are generations of people that have come here long before either one of us that never learned the language. That does not make them not good citizens. They just have an inability to learn the language. Would you deny an of–all of you, any of you, deny a person their rights as a citizen because they don't speak English? That's the question here.

Subsequently, the Court questioned each of the prospective jurors individually. When the third prospective juror, Juror No. 217, indicated that she did not believe she could be impartial in a case involving a non-English speaking defendant, the District Judge called her to sidebar. At sidebar, the juror suggested that a citizen should speak English, for example, in order to vote, to which the Judge responded that her view "totally shock[ed]" him. He did not make this statement in front of the other prospective jurors. The Judge dismissed Juror 217 for cause, but requested that she return to the courtroom after lunch. He instructed her not to discuss the sidebar with the other prospective jurors. The Court continued *voir dire* after the lunch break, and all of the other prospective jurors except one–Juror No. 152–indicated that Kong's inability to speak English would not affect their impartiality. Juror No. 152 was dismissed from the panel for cause.

The gist of Kong's appeal with respect to the *voir dire* issue is that the District Court Judge interjected his own views while questioning the prospective jurors, and thereby, influenced their answers. Kong contends that the District Judge subsequently failed to adequately determine the impartiality of the venire persons. Because defense counsel did not object to the composition of the jury or the Court's line of questioning at

3

the time of trial, we review the District Court's *voir dire* procedure for plain error. Fed. R. Crim. P. 52(b); *see United States v. Salamone*, 800 F.2d 1216, 1222 (3d Cir. 1986). The burden of establishing entitlement to relief for plain error is on the party claiming such error. *See United States v. Dominguez Benitez*, 542 U.S. 74, 81 (2004).

Kong has failed to establish that the District Court plainly erred in conducting *voir dire*. First, the District Court's statements to Juror No. 217 are irrelevant to Kong's appeal. These statements were made at sidebar and the Court instructed Juror No. 217 not to discuss that sidebar with the other prospective jurors. Second, with respect to those statements made to the entire panel, Kong fails to meet his burden of proving that the statements were prejudicial. Despite Kong's claim that the District Court's comments were "strong-handed," those comments appeared to be designed to clarify any misapprehension of the law and the Court's questions were gauged to assess the panel members' ability to be fair and impartial. The District Court has wide latitude in conducting *voir dire* and is ultimately in the best position to evaluate the credibility and demeanor of prospective jurors. *Kirk v. Raymark Industries, Inc.*, 61 F.3d 147, 153 (3d Cir. 1995). In this case, there is no evidence in the record to suggest that the Court was incorrect in its assessment of the prospective jurors' impartiality. Nor, for that matter, is there any evidence in the record that any of twelve individuals who raised their hands were actually selected to be members of the jury that presided at Kong's trial. Therefore, even assuming that the District Court erred in the manner in which he explained the legal rights of non-English speaking citizens, Kong has failed to show how these statements

4

affected his "substantial rights." Fed. R. Crim. P. 52(b). Thus, Kong has not established that the District Court committed plain error in conducting *voir dire*.

## II.

Kong also argues that the District Court erred in instructing the jury on the defense of reliance on advice of accountants. For purposes of reviewing jury instructions, we must determine whether the District Court abused its discretion in giving an instruction, and "'whether, viewed in light of the evidence, the charge as a whole fully and adequately submits the issues in the case to the jury.'" *United States v. Thayer*, 201 F.3d 214, 221 (3d Cir. 1999) (quoting *United States v. Zehrbach*, 47 F.3d 1252, 1264 (3d Cir. 1995)).

In this case, Kong's defense to the criminal charges was that the false statements in his tax returns were made in good faith. The Government charged Kong with underreporting his business's sales and gross receipts and understating the amount of wages he paid to employees. Kong admitted that he deposited checks for services provided by the business into his personal checking account and paid employees in cash and personal checks, but claimed that because of his misunderstanding of the American tax system, he did not realize that he needed to give his accountants information related to the money in his personal account. Kong's testimony at trial regarding the information he provided his accountants was evasive. On the one hand, he testified that his accountants requested information regarding business income and that he knew what business income was. On the other hand, Kong testified that he gave his accountants that information which they specifically requested, stating, "I give him what he asked."

5

The District Court properly instructed the jury regarding the good faith defense. At the request of the Government, however, the Court also instructed the jury regarding a defendant's reliance on accountants' advice. Kong contends that because he did not claim to rely on the advice of his accountants, the District Court abused its discretion.

Kong claimed he did not understand the American tax system and repeatedly stated that he gave his accountants any document for which they asked. Implicit in his testimony is the suggestion that he was relying on his accountants to tell him specifically which documents they needed to calculate his tax liability and file his return, and because they did not request his personal bank statements, he had no reason to believe that he needed to provide these documents. In that respect, the jury could infer from his testimony that had his accountants provided Kong with more specific direction, he would not have violated the tax laws. In light of Kong's statements at trial, the District Court's construction of his testimony as an assertion that he relied on the advice of his accountants was not unreasonable, and the instruction with respect to that defense does not constitute an abuse of discretion.

## III.

Kong was sentenced on May 12, 2004 under the mandatory sentencing guidelines regime. The Government stipulates that pursuant to *Davis*, Kong is entitled to resentencing. The case therefore shall be remanded for this purpose alone.