

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-12-2006

# USA v. Lowery

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4566

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Lowery" (2006). *2006 Decisions*. Paper 1758.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1758

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 04-4566

———————

UNITED STATES OF AMERICA

v.

RICHARD LOWERY,

Appellant

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 99-00267-1)
Honorable Bruce W. Kauffman, District Judge

———————

Submitted under Third Circuit LAR 34.1(a)
December 9, 2005

BEFORE:  RENDELL, FISHER and GREENBERG, Circuit Judges

(Filed: January 12, 2006)

———————

OPINION OF THE COURT

———————

GREENBERG, Circuit Judge.

This is an appeal in a criminal case raising sentencing issues following a plea of

guilty.  On May 11, 1999, a grand jury indicted defendant-appellant Richard Lowery in a

single count for possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On July 26, 1999, the United States filed a Notice of Defendant's Prior Convictions for Enhanced Sentencing under 18 U.S.C. § 924(e) in which the government described his four prior convictions for serious drug offenses that made him subject to the enhanced penalties in section 924(e)(1).

On October 7, 1999, Lowery and the government entered into a plea agreement in which Lowery agreed to plead guilty to the indictment. The plea agreement provided that the court could sentence Lowery to life imprisonment, with a 15-year mandatory minimum term of imprisonment, to be followed by three years of supervised release and could require him to pay a $250,000 fine. The plea agreement, in addition to setting forth that Lowery stipulated to the facts of the offense in this case, provided that Lowery stipulated to having the four prior convictions the government set forth in its July 26, 1999 notice. The plea agreement also set forth that Lowery's offense level was 34 and that his criminal history category was VI. It provided, however, that he had demonstrated acceptance of responsibility and thus was entitled to a 2-level downward offense level adjustment under U.S.S.G. § 3E1.1(a) and that he also was entitled to a 1-level downward adjustment under U.S.S.G. § 3E1.1(b). Thus, his total offense level was 31, which, together with his criminal history category of VI, set his guideline custodial range as between 188 to 235 months.

On April 10, 2000 the court imposed on Lowery a custodial sentence of 215

2

months followed by five years of supervised release. The court, however, did not impose a fine.

Lowery did not file a timely appeal from the sentence. He, however, filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence charging that his attorney had been ineffective for failing to file a notice of appeal. The court granted that motion on November 24, 2004, and allowed Lowery to appeal, which he did. The district court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

Lowery raises three issues on this appeal:

1. He was improperly subjected to a statutory sentence increase under 18 U.S.C. § 924(e) based on his prior convictions in view of the fact that his prior convictions, which should be treated as elements of the offense, were not charged in the indictment, in violation of his Fifth Amendment right to be subject to a maximum punishment based solely on facts charged in the indictment and his Sixth Amendment right to a jury trial.

2. He is entitled to resentencing pursuant to United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005), given that the district court treated the sentencing guidelines as mandatory, rather than advisory and did not consider the statutory sentencing factors in 18 U.S.C. § 3553(a), as required by Booker, but instead sentenced within the guideline range.

3. The government breached the terms of his plea agreement, which states that the maximum term of supervised release is three years, by remaining silent when the sentencing court imposed a five-year term of supervised release, and must, on remand, recommend a three-year term of supervised release be imposed in accordance with the agreement.

We reject Lowery's first contention as he was free to plead guilty to the indictment and conclusively establish the existence of his prior convictions even though they were

3

not charged in the indictment.  See Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219 (1998); United States v. Ordaz, 398 F.3d 236, 241 (3d Cir. 2005).  We, however, accept his second argument, and, thus on the basis of United States v. Davis, 407 F.3d 162, 165 (3d Cir. 2005) (en banc), Lowery is entitled to be resentenced.  This disposition renders his third contention moot on this appeal as we do not know what period of supervised release the court will impose when it resentences.

For the foregoing reasons the judgment of conviction and sentence entered April 10, 2000, and reentered November 24, 2004, will be reversed but only with respect to the sentence.  We will remand the case to the district court for resentencing.