

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-9-2006

# USA v. Seal

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1101

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Seal" (2006). *2006 Decisions*. Paper 1614.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1614

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No: 04-1101

———————————

UNITED STATES OF AMERICA

v.

DANIEL J. SEAL, II,
Appellant

———————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cr-00172-1)
District Judge: Honorable Clarence C. Newcomer

———————————

Submitted Under Third Circuit LAR 34.1(a)
on November 7, 2005

BEFORE:  ROTH, FUENTES and GARTH, Circuit Judges

(Opinion Filed:    February 9, 2006)

———————————

OPINION

———————————

ROTH, <u>Circuit Judge</u>:

Daniel Seal appeals the judgment of conviction of the District Court and its denial

of his motion for a mistrial and he challenges his sentence under *United States v. Booker*,

125 S. Ct. 738 (2005). For the following reasons we will affirm the conviction, vacate the

sentence and remand for sentencing, pursuant to *Booker*.

On March 12, 2003, a grand jury returned an indictment against Seal charging him

with one count of conspiracy to tamper with a witness, in violation of 18 U.S.C. § 371

and three counts of witness tampering and aiding and abetting, in violation of 18 U.S.C.

§§ 1512 (b)(1) and 2. On June 25, 2003, a jury found Seal guilty of conspiracy and of

two counts of witness tampering. On January 5, 2004, the District Court sentenced Seal

to 21 months imprisonment, a term of supervised release of two years, a $10,000 fine, and

a special assessment of $300. Seal appealed and, on March 17, 2005, applied for relief

under *Booker*.

We have jurisdiction over this appeal from a final judgment of conviction

and sentence pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Daniel Seal, an attorney, was charged along with his client, Nicholas Paz, with

conspiracy to tamper with a witness. Seal was representing Paz on charges of bank

robbery, for which Paz admitted his guilt and cooperated against his co-defendant Harvey

Clanton. Paz and Clanton were both housed at the Federal Detention Center in

Philadelphia but were separated so they could not communicate with each other. While

2

representing Paz, Seal met with Clanton on two occasions, both without the permission of Clanton's lawyer. At the first meeting Seal told Clanton that he had a message from his client and showed Clanton a note signed by Paz. During this meeting, Seal and Clanton discussed a supposed drug deal involving Paz, Clanton, and a mob figure named Joe Ligambi. Seal told Clanton that Paz was going to tell the government the story about Ligambi. Clanton informed Seal that, although the story was false, he would consider going along with it. Clanton also asked Seal for more details and Seal agreed to provide them. Seal's handwritten notes from this meeting contain a reminder that stated he had to get the story to "Baz." Baz is Clanton's nickname.

At a proffer interview of Paz conducted by FBI Special Agent Vito Roselli, Paz told the government the story about Ligambi to further his supposed cooperation with the government. Some time later, Seal was interviewed by FBI Special Agent Thompson. At trial, Agent Thompson testified that during the interview Seal admitted that the purpose of the second meeting with Clanton was to influence what he was going to say to the government at his proffer. Based on this information, Seal was found guilty of conspiring with his client to tamper with a witness and of two counts of witness tampering. This appeal followed.

Seal appeals his conviction and sentence on five grounds: (1) the District Court erred in dismissing a hold-out juror in favor of the defense and in proceeding with 11 jurors; (2) the District Court erred in providing insufficient jury instructions regarding a corrupt witness; (3) the District Court erred in permitting the government to use and refer

3

to ethical violations to infer wrong doing by Seal; (4) the District Court erred in enhancing the guidelines range for perjury; (5) the District Court erred by enhancing Seal's guidelines range for use of a special skill. Seal also challenges his sentence under *United States v. Booker*, 125 S.Ct at 738. Specifically, he points out that his fourth and fifth grounds for appeal were made prior to *Booker* but would now be considered *Booker* claims. For the reasons set forth below, we will affirm the District Court's judgment of conviction, vacate the sentence, and remand this case to the District Court for re-sentencing in line with *Booker*.

We review the dismissal of a juror for cause pursuant to Federal Rule of Criminal Procedure 23(b) for abuse of discretion. *United States v. Gambino*, 788 F.2d 938, 949 (3d Cir. 1986). Seal's argument that the District Court abused its discretion in dismissing juror number six without a determination that he was unwilling to follow the law is not convincing. Under Rule 23 (b), a court is permitted to excuse a juror for just cause and to allow a verdict to be determined by the remaining 11 jurors. In the present case, juror number six, in complete disregard of the court's instructions, consulted an extraneous source for the definition of several legal terms, including entrapment, an issue that was not part of the case. Furthermore, the juror intentionally concealed a printout of the definition by placing it in a newspaper, enabling him to smuggle it into the deliberation room; he then proceeded to read the definition to the other jurors. Under these circumstances the court did not abuse its discretion in removing the juror without a determination that he was unwilling to follow the law. *See id.*

Furthermore, subsequent to the removal of juror number six, the court conducted an inquiry of the remaining jurors to ensure that there was no possibility of any taint, bias, or prejudice as a result of the impermissible materials. Seal was provided an opportunity to question the remaining jurors but chose not to do so. As such, the District Court did not abuse its discretion by deciding to proceed with an eleven member jury.

Seal's next argument is that the District Court erred in providing deficient jury instructions regarding a corrupt witness. Because he did not object to the jury instructions at trial, the instructions will be reviewed for plain error. *See United States v. Gordon*, 290 F.3d 539, 544-545 (3d Cir. 2001). In *United States v. Isaac*, we held that there is no *per se* rule requiring a specific jury instruction with regard to a cooperating witness. 134 F.3d 199 (3d Cir. 1998). Moreover, we concluded that District Courts are given "wide discretion" when charging the jury. *Id.* at 205, (citing *United States v. Smith*, 789 F.2d 196, 204 (3d Cir. 1986)).

In the present case, the District Court did not commit plain error in its instruction to the jury. The court reminded the jury that the cooperating witness, Harvey Clanton, had entered a guilty plea agreement and that the testimony of such witnesses should be scrutinized with caution. The District Court told the jury to give the testimony of the cooperating witness such weight as they feel it deserves. These instructions, along with the testimony of the cooperating witness as to his plea agreement, were sufficient to put the jury on notice that it should weigh Clanton's testimony carefully.

Seal next argues that the District Court erred in permitting the government to use

5

and refer to ethical violations to infer wrong doing by him.  The District Court granted a pretrial defense motion to preclude any mention of Rule 4.2 of the Pennsylvania Rules of Professional Conduct.  Seal argues that the District Court erred in allowing the government to introduce evidence of both (1) his knowledge of ethics rules in state and federal court and (2) evidence of his continuing legal education courses because both types of evidence were irrelevant and because they were introduced in violation of the court's pretrial order.

We conclude that the District Court did not abuse its discretion in deeming this evidence admissible.  The District Court properly admitted the evidence demonstrating Seal's knowledge of legal ethics rules; this evidence was relevant since it helped to show intent, one of the necessary elements to prove a witness tampering charge. Furthermore, this evidence was relevant to counter the defense's argument that Seal's lack of federal practice experience prevented him from forming the requisite intent to commit the crimes with which he was charged.  The District Court also properly admitted evidence of appellant's continuing legal education classes because this evidence helped to show appellant's experience and intent to commit the crimes.

Seal's final two challenges will be addressed simultaneously since both are considered claims under *United States v. Booker*, 125 S.Ct at 738.  He challenges his sentence based on two sentence enhancements determined by the District Court.  These enhancements placed Seal in a sentencing range of 21-27 months.  It appears from the District Court's decision that the judge treated the sentencing guidelines as mandatory.

6

As such, we find that Seal's sentence is in violation of *Booker*. *Id.* Therefore, we will remand the case to the District Court for re-sentencing. *See United States v. Davis*, 407 F.3d 162 (3d Cir. 2005).

For the above mentioned reasons, we will affirm the judgment of conviction, vacate the sentence, and remand the case to the District Court for re-sentencing in line with *Booker*.