

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-2-2006

# USA v. Istreffi

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1149

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Istreffi" (2006). *2006 Decisions.* Paper 1490.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1490

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-1149

———

UNITED STATES OF AMERICA,

v.

FAIK MUSA ISTREFFI,

<u>Appellant</u>.

———

Appeal from the United States District Court
for the Middle District of Pennsylvania
(Criminal No. 01-cr-00303-01)
(Honorable James M. Munley, District Judge)

———

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
January 19, 2006

Before: McKEE, VAN ANTWERPEN, and SILER,[*] <u>Circuit Judges</u>.

(Filed: March 2, 2006)

———

OPINION OF THE COURT

———

————————

[*] The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge, United States
Court of Appeals for the Sixth Circuit, sitting by designation.

**PER CURIAM**.

Defendant Faik Istreffi appeals his sentence on the basis that the district court found facts in violation of his Sixth Amendment rights and that his sentence was imposed in misapprehension that the sentencing guidelines were mandatory. We find no Sixth Amendment violation, but vacate the sentence and remand for re-sentencing in accordance with United States v. Booker, 543 U.S. 220, 264 (2005).

## I.

Istreffi was indicted on a violation of the Racketeer Influence in Corrupt Organization ("RICO") act, 18 U.S.C. § 1962(d), for activities related to trafficking in contraband such as cocaine and stolen vehicles, and a second count under 21 U.S.C. § 846 for conspiracy to distribute in excess of five kilograms of cocaine. He was also indicted on one count of committing access device fraud under 18 U.S.C. § 1029(b)(2); one count of conspiracy to traffic in stolen vehicles and to commit mail fraud under 18 U.S.C. § 371; forty-nine counts of mail fraud under 18 U.S.C. § 1341 for filing fraudulent title applications; and one count of money laundering conspiracy under 18 U.S.C. § 1956(h).

Istreffi changed his plea to guilty to all counts except one in February 2003 in the middle of his trial. At the sentencing hearing held in January 2004, the district court inquired into whether Istreffi had reviewed the Presentence Report ("PSR"), and his attorney affirmed that they had and that any objections they had were withdrawn. The court then found that this case did not qualify for a downward departure and imposed a 168-month sentence, which is the lowest suggested by the PSR.

## II.

We review issues not raised before the district court for plain error. See United States v. Vasquez, 271 F.3d 93, 99 (3d Cir. 2001) (en banc). An error is plain if it is contrary to law at the time the error was made. Johnson v. United States, 520 U.S. 461, 466-67 (1997).

**A.**

Istreffi contends that his sentence was imposed in reliance on certain facts that he never admitted nor were found by a jury beyond a reasonable doubt. The only material facts from the PSR Istreffi identifies were his possession of a gun and the amount of cocaine for which he was liable. The Sixth Amendment requires that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244 (citing Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)). Thus, there is no Sixth Amendment violation where the defendant admitted the fact in question or if the sentence is within the statutory range justified by the facts admitted or found by a jury. Id. at 233 (holding that under advisory but not mandatory guidelines, "the selection of particular sentences in response to differing sets of facts . . . would not implicate the Sixth Amendment."). Here, Istreffi's sentence fell within the statutory range for convictions of non-specified quantities of cocaine and Istreffi admitted the facts in the PSR upon which the district court based its sentence.

In United States v. Williams, 235 F.3d 858 (3d Cir. 2000), we addressed a similar case to the one before us. The district court sentenced defendant to 86 months in prison, after finding that defendant was liable for more heroin than the amount specified in the indictment. Id. at 860. The defendant complained that it was violative of his Sixth Amendment rights

to be held liable for more heroin than the amount he admitted to in the indictment, for which the sentence was capped at twenty years. Id. Affirming, we held that the issue was not whether the challenged judicial fact finding exposed the defendant to a higher sentence, but rather that the sentence imposed exceeded the statutory maximum. Id. at 863 ("a district court's sentence that is under the statutory maximum cannot be constitutionally objectionable under Apprendi."). Here, even if Istreffi only pled to possessing an unspecified amount of cocaine, he would have been eligible for a sentence of up to twenty years. See 21 U.S.C. § 841(C) ("In the case of a controlled substance in schedule I or II [cocaine] . . . such person shall be sentenced to a term of imprisonment of not more than 20 years . . . ."). Though the district court's finding may have increased the guidelines range, it is merely "relevant conduct" under USSG § 1B1.3, and does not implicate the Sixth Amendment. See Williams, 235 F.3d at 864. Therefore, there is no Sixth Amendment violation because Istreffi's sentence of 168 months is well below the statutory maximum.

Furthermore, Istreffi admitted the amount of cocaine during the sentencing phase. For sentencing purposes, the district court is permitted to accept any undisputed fact in the PSR as conclusive. See FED. R. CRIM. P. 32(i)(3)(A). The PSR stated that Istreffi had trafficked in "over five kilograms of cocaine," and as much as "28 kilograms of cocaine." In the calculation of the base offense level, it stated that Istreffi was liable for "15 to 50 kilograms of cocaine." The PSR also laid out the government's bases for the allegations and the evidence it planned to present to prove the charges. Istreffi filed no written objections as was his right under FED. R. CRIM. P. 32(f), nor did he make any oral objections to the drug amount. In fact, he expressly withdrew all objections he might have had. Therefore, the

district court's finding of drug quantity was not plain error.  See United States v. Buckland, 289 F.3d 558, 569-70 (9th Cir. 2005) (holding that district court's finding of drug quantity pursuant to defendant's admission to amount in PSR was not plain error).

**B.**

In United States v. Davis, 407 F.3d 162, 165-66 (3d Cir. 2005) (en banc), we held that under Booker it is plain error for a district court to sentence a defendant under the mistaken belief that the Federal Sentencing Guidelines were mandatory.  Both Istreffi and the government agree that, per Davis, the sentence should be vacated and the case remanded for re-sentencing.

For the forgoing reasons, we **AFFIRM** the conviction, but **VACATE** and **REMAND** for re-sentencing consistent with Booker.