

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-28-2005

# USA v. Scott

Precedential or Non-Precedential: Precedential

Docket No. 03-1160

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Scott" (2005). *2005 Decisions.* Paper 1262.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1262

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

Nos. 02-4521, 03-1130 & 03-1160

————

UNITED STATES OF AMERICA

v.

KEVIN DAVIS,
            Appellant at No. 02-4521
KEVIN A. MINNIS,
            Appellant at No. 03-1130
REGINAL SCOTT,
            Appellant at No. 03-1160

————

Sur Denial of Petition for Rehearing *En Banc*
and Motion to Defer Disposition of All Pending Direct
Criminal Appeals Presenting *Booke*r Claims Pending
Resolution of the Petition for Rehearing *En Banc*
(D.C. Criminal Nos. 02-cr-00106-1,
02-cr-00106-3, 02-cr-00106-2)

————

Before:  SCIRICA, *Chief Judge*,
SLOVITER, NYGAARD, ALITO, ROTH,
McKEE, RENDELL, BARRY, AMBRO, FUENTES,
SMITH, FISHER, VAN ANTWERPEN,
and COWEN, *Circuit Judges*

(Filed: April 28, 2005)

_____

OPINION SUR DENIAL OF THE
PETITION FOR REHEARING *EN BANC*
AND THE MOTION TO DEFER

_____

SCIRICA, *Chief Judge*.

The government has moved to defer disposition of all sentencing appeals pending resolution of its petition for rehearing *en banc* in this case.  We have denied the petition for rehearing and will deny the motion as well.

The Supreme Court's decision in *United States v. Booker* brought about sweeping changes in the realm of federal sentencing.  125 S. Ct. 738 (2005).  Drawing upon its reasoning in *Jones*, *Apprendi*, and *Blakely*,[1] the *Booker* majority held that

_____

[1]*Jones v. United States*, 526 U.S. 227 (1999) (construing provisions of federal carjacking statute to set forth additional

2

mandatory enhancement of a sentence under the Guidelines, based on facts found by the court alone, violates the Sixth Amendment. *Booker*, 125 S. Ct. at 756. To remedy this constitutional infirmity, the Court excised that provision of the statute making application of the Guidelines mandatory. *Id.* at 764. In the aftermath of *Booker*, the Federal Sentencing Guidelines– once a mandatory regime circumscribing the discretion of district court judges– are "effectively advisory." *Id.* at 757. Under the post-*Booker* sentencing framework, District Courts will consider the applicable advisory Guidelines range in addition to factors set forth in 18 U.S.C. § 3553(a). *See Booker*, 125 S. Ct. at 764-65. *Booker* is applicable to all cases on direct review. *Id.* at 769.

Direct appeals of sentences imposed before *Booker* generally present two kinds of claims: first, defendants whose sentences were enhanced by judicial factfinding raise Sixth Amendment claims; second, defendants who contend the

elements of offense, rather than sentencing considerations, so that facts triggering such provisions must be charged in indictment and proven beyond a reasonable doubt); *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); *Blakely v. Washington*, 542 U.S.---, 124 S. Ct. 2531 (2004) (extending *Apprendi* to Washington's state sentencing scheme).

3

District Courts erroneously treated the Guidelines as mandatory rather than advisory.

In our review of pre-*Booker* cases, many of the direct appeals call for a plain error analysis because defendants did not raise the sentencing issue before the District Court. *See* Fed. R. Crim. P. 52(b).[2] Where a defendant demonstrates "error" that is "plain," and that "affects substantial rights," we may correct that error where the "fairness, integrity, or public reputation of judicial proceedings" was affected. *United States v. Evans*, 155 F.3d 245, 251 (3d Cir. 1998). As explained in *Evans*, an error will affect substantial rights where it is prejudicial and "affected the outcome of the district court proceedings." *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)).

Where the District Court imposed a sentence greater than the maximum authorized by the facts found by the jury alone, the outcome of sentencing was altered to the defendant's detriment. Mandatory enhancement of a sentence in violation of the Sixth Amendment is prejudicial and affects the substantial rights of the defendant. As we have noted, "imposing a sentence not authorized by law seriously affects the fairness, integrity, and reputation of the proceedings." *Evans*, 155 F.3d at 252 (citing *United States v. Dozier*, 119 F.3d 239, 244-45 (3d Cir. 1997)). In cases where a defendant's sentence

---

[2]Where a defendant preserved a *Booker* claim before the district court, we will review for harmless error under Fed. R. Crim. P. 52(a).

was enhanced based on facts neither admitted to nor found by a jury, therefore, the defendant can demonstrate plain error and may be entitled to resentencing.[3] *See United States v. Hughes*,

---

[3]Prior to *Booker*, we addressed a similar issue in our *en banc* opinion in *United States v. Vasquez*, 271 F.3d 93 (3d Cir. 2001). In *Vasquez*, the defendant was charged with drug conspiracy, obstruction of justice, and witness tampering. Vasquez was convicted of conspiracy to distribute and possess cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), which prescribed a maximum sentence of 20 years. Because of three judicially-found facts– drug quantity, his leadership role, and attempted obstruction of justice– the District Judge sentenced him to more than 24 years' imprisonment.

On appeal we discussed the effect of the judicially-determined drug quantity. We found Vasquez's sentence erroneous under *Apprendi* because the "judge, rather than the jury, determined drug quantity and then sentenced Vasquez to . . . a term in excess of his . . . statutory maximum." 271 F.3d at 99. Despite the District Court's error, however, we found that Vasquez failed to show an effect on his substantial rights because the drug quantity was never in dispute. The quantity of drugs involved was established at trial and substantiated by scientific evidence. Vasquez never contested the amount. Accordingly, we held that Vasquez's sentence would have been the same if the government had submitted drug quantity for a jury determination, that is, failure to submit this question to the jury, therefore– while an *Apprendi* violation– had no actual

5

401 F.3d 540 (4th Cir. 2005) (finding plain error and remanding for resentencing because defendant– who was sentenced to 46 months due to judicial factfinding where the jury verdict authorized only a 12-month sentence– demonstrated that his substantial rights were affected).

Similarly, a defendant's substantial rights may have been affected where the District Court erred by treating the Guidelines as mandatory rather than advisory. At this stage, we cannot ascertain whether the District Court would have imposed a greater or lesser sentence under an advisory framework. But the mandatory nature of the Guidelines controlled the District Court's analysis. Because the sentencing calculus was governed by a Guidelines framework erroneously believed to be mandatory, the outcome of each sentencing hearing conducted under this framework was necessarily affected. Although plain error jurisprudence generally places the burden on an appellant to demonstrate specific prejudice flowing from the District Court's error, in this context– where mandatory sentencing was governed by an erroneous scheme– prejudice can be presumed.

--------

effect on defendant's sentence.

We did not have the benefit of *Booker* when deciding *Vasquez*. Nor did we hold that an *Apprendi* violation at sentencing will never affect a defendant's substantial rights; rather, we held the substantial rights of the individual defendant in that case were not affected.

6

*See Olano*, 507 U.S. at 735 (noting that certain types of error should, on plain error review, "be presumed prejudicial if the defendant cannot make a specific showing of prejudice"); *United States v. Adams*, 252 F.3d 276, 287 (3d Cir. 2001) ("Given the nature of the right [of allocution] and the difficulty of proving prejudice from its violation, we conclude that we should presume prejudice when a defendant shows a violation of the right <u>and</u> the opportunity for such a violation to have played a role in the district court's sentencing decision.") (emphasis in original); *see also United States v. Barnett*, 398 F.3d 516, 528 (6th Cir. 2005) (presuming prejudice where "it would be exceedingly difficult" for defendant raising *Booker* claim to show that the district court's failure to treat the Sentencing Guidelines as advisory affected his sentence).

Furthermore, as noted by the Court of Appeals for the Sixth Circuit, "[w]e would be usurping the discretionary power granted to the district courts by *Booker* if we were to assume that the district court would have given [defendant] the same sentence post-*Booker*." *United States v. Oliver*, 397 F.3d 369, 380 n.3 (6th Cir. 2005). Failure to remand for resentencing, therefore, could adversely affect the fairness and integrity of the proceedings. Accordingly, defendants sentenced under the previously mandatory regime whose sentences are being challenged on direct appeal may be able to demonstrate plain

error and prejudice. We will remand such cases for resentencing.[4]

---

[4]*See Barnett*, 398 F.3d at 516. In *Barnett*, defendant received a sentence within the Guidelines range, did not object before the district court, but challenged his sentence on appeal in light of *Booker*. Specifically, he argued that the district court's mandatory application of the Sentencing Guidelines was plain error. The Court of Appeals for the Sixth Circuit found plain error, holding that Barnett's "is an appropriate case in which to presume prejudice" because the mandatory nature of the Guidelines affected the district court's sentencing calculus, because it would be "exceedingly difficult" for a defendant to demonstrate conclusively that the district court's error affected the outcome of the proceeding, and because "we simply do not know how the district court could have sentenced." *Id.* at 527-29 (quotations omitted). The *Barnett* Court concluded:

> Instead of speculating as to the district court's intentions in the pre-*Booker* world, and trying to apply those intentions to predict the same court's sentence under the post-*Booker* scheme, we are convinced that the most prudent course of action in this case is to presume prejudice given the distinct possibility that the district court would have imposed a lower sentence under the new post-*Booker* framework and the onerous burden he would face in attempting to establish that the sentencing court would have imposed such a

8

*Booker* applies to all cases pending on direct review. By remanding, we ensure that each defendant to whom *Booker* applies is sentenced accordingly. This approach results in uniform treatment of post-*Booker* defendants on direct appeal, fostering certainty in the administration of justice and efficient use of judicial resources. Moreover, as the Court of Appeals for the Second Circuit has noted, "correction of error in the context of sentencing does not precipitate . . . burdensome and often lengthy consequence[s]" on remand. *United States v. Crosby*, 397 F.3d 103, 117 (2d Cir. 2005).

In this opinion, we express no view on waiver or alternative sentences. We will continue to review each appeal individually. Appellants have been directed to state whether they wish to challenge their sentence under *Booker*. For those who do not, we consider the appeal on its merits. Where an appellant raises a *Booker* claim and establishes plain error, however, we will decide claims of error related to the conviction, vacate the sentence, and remand for consideration of the appropriate sentence by the District Court in the first instance. Accordingly, the Government's Motion to Defer Disposition of All Pending Criminal Appeals Presenting *Booker* Claims Pending Resolution of the Government's Petition for Rehearing *En Banc* is denied.

---

sentence.

9