

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-2005

# USA v. Stanton

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2513

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Stanton" (2005). *2005 Decisions.* Paper 1049.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1049

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

_____

NO. 04-2513

_____

UNITED STATES OF AMERICA

v.

KEVIN JEFFREY STANTON,
Appellant

_____

On Appeal From the United States
District Court
For the Middle District of Pennsylvania
(D.C. Crim. Action No. 03-cr-00209)
District Judge:  Hon. James F. McClure, Jr.

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 7, 2005

BEFORE:  AMBRO, STAPLETON and ALARCON,*
Circuit Judges

(Filed: June 8, 2005 )

_____

_____

*Hon. Arthur L. Alarcon, Senior United States Circuit Judge for the Ninth Circuit, sitting
by designation.

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Pursuant to a plea agreement, appellant Kevin Stanton pled guilty to escape from federal custody in violation of 18 U.S.C. § 751. He challenges his sentence based on *United States v. Booker*, 125 S. Ct. 738 (2005). In accordance with circuit precedent, we will affirm his conviction, vacate his sentence, and remand for resentencing in accordance with *Booker*. *See United States v. Davis*, 2005 WL 976941 (3d Cir. Apr. 28, 2005).

We will not, however, direct that Stanton be resentenced by a different United States District Court judge as he requests. His request is premised on his contention that the government breached the plea agreement at his sentencing. We find no breach.

The plea agreement provided:

> The United States Attorney's Office for the Middle District of Pennsylvania recognizes that the facts relating to defendant's unlawful departure from custody are unusual and may fall "outside the heartland of cases" relating to unlawful departure from custody. These facts may justify a downward departure from the otherwise applicable Sentencing Guidelines. The failure of the Court to find that the defendant is entitled to a downward departure shall not be a basis to void this plea agreement.

App. at 36. Like the District Court, we find that nothing occurring at Stanton's arraignment amended this provision. *See* App. at 54. Accordingly, there was no promise

by the government not to oppose Stanton's motion for a downward departure.

The judgment of the District Court will be vacated, and this matter will be remanded for resentencing under *United States v. Booker*.