

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-22-2005

# USA v. Maldonado

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1516

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Maldonado" (2005). *2005 Decisions.* Paper 793.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/793

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-1516

———

UNITED STATES OF AMERICA

v.

ROBERTO MALDONADO

Appellant.

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 03-cr-00178-1)
District Judge: Honorable Terrence F. McVerry

———

Submitted Under Third Circuit LAR 34.1(a)
on 11/15/04

Before: ROTH, SMITH, and WEIS, <u>Circuit Judges</u>.

(Filed July 22, 2005)

———

OPINION OF THE COURT

———

ROTH, <u>Circuit Judge</u>.

This is an appeal by Roberto Maldonado who was convicted of conspiracy to distribute and to possess with intent to distribute 5 kilograms or more of cocaine, pursuant to a plea agreement in which the Government promised to file a United States Sentencing Guidelines (U.S.S.G.) § 5(k) motion requesting a reduction in Maldonado's offense level, based on substantial assistance. The District Court granted the government's § 5(k) motion but refused to grant defendant's request for a minor role reduction under U.S.S.G. § 3B1.2(b). The District Court found that Maldonado's activities rose above that of a minor participant. Maldonado did not appeal his conviction but has appealed his sentence based on the District Court's refusal to grant him relief under § 3B1.2(b). Subsequent to briefing before this court on the merits of the sentencing guidelines issue, the United States Supreme Court issued <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). In subsequent briefing, Maldonado has additionally sought resentencing based on <u>Booker</u>. The <u>Booker</u> issue was briefed by the parties. For the reasons explained below, we will affirm the conviction, vacate the sentence and remand for resentencing under <u>Booker</u>.

## JURISDICTION AND STANDARD OF REVIEW

Jurisdiction was conferred on the District Court by 18 U.S.C. § 3231. A timely notice of appeal was filed. We have jurisdiction under 18 U.S.C. §1291 and 18 U.S.C. § 3742.

A defendant's <u>Booker</u> claim, asserted for the first time on appeal, is subject to

plain error review. United States v. Davis, 407 F.3d 162, 164-65 (3d Cir. 2005) (en banc).

## DISCUSSION

Where, as here, the District Court imposed sentence and treated the "Guidelines as mandatory rather than advisory," defendant's claim survives scrutiny under plain error review. Id. at 164. In these circumstances, "we will decide claims of error related to the conviction, vacate the sentence, and remand for consideration of the appropriate sentence by the District Court in the first instance." Id. at 166. We do not address Maldonado's § 3B1.2(b) claim because any such decision on our part might very well be rendered unnecessary by resentencing under Booker. See, e.g., United States v. Urban, 404 F.3d 754, 783 n.11 (3d Cir. 2005) ("Appellants O'Malley and Tursi also argue that the District Court committed a sentencing error in fixing their base offense level under the sentencing guidelines for the RICO convictions. Because we are vacating O'Malley's and Tursi's sentences and remanding to the District Court for resentencing under Booker, we will not address this particular challenge to their sentences here.").

## CONCLUSION

For the reasons explained above, we will affirm the conviction, vacate the sentence and remand for resentencing under Booker.