

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-5-2005

# USA v. Gonzalez-Castillo

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3260

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Gonzalez-Castillo" (2005). *2005 Decisions*. Paper 167.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/167

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-3260
_____

UNITED STATES OF AMERICA


v.

HELACIO GONZALEZ-CASTILLO,
*Appellant*


_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. No. 04-cr-00078)
District Judge: Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
November 14, 2005
Before: ROTH, FUENTES and BECKER, *Circuit Judges*


(Filed: December 5, 2005)


_____

OPINION
_____

BECKER, *Circuit Judge*.

Pursuant to a plea agreement, appellant Helacio Gonzalez-Castillo entered a plea

of guilty to a one-count indictment charging alleged entry into the United States as a previously deported alien.  8 U.S.C. § 1326(a).  Gonzalez-Castillo was sentenced to 24 months' imprisonment.

Appellant challenges his sentence under *United States v. Booker*, 543 U.S. —, 125 S. Ct. 738 (2005).  In *United States v. Davis*, 407 F.3d 162 (3d Cir. 2005) (*en banc*), we held that, except in limited circumstances, we will presume prejudice and direct a remand for resentencing where the District Court imposed a sentence in the belief that the applicable Sentencing Guidelines were mandatory.  That was the situation here, and we perceive no circumstance in this case that warrants a different result from that found in *Davis*.  We will therefore vacate the sentence and remand for resentencing in accordance with *Booker*.