

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-19-2005

# USA v. Tunnicliffe

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1327

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Tunnicliffe" (2005). *2005 Decisions.* Paper 97.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/97

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-1327

_____

UNITED STATES OF AMERICA

v.

GARY TUNNICLIFFE,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 03-cr-00555 )
District Judge: Honorable Robert B. Kugler

_____

Submitted Under Third Circuit LAR 34.1(a)
on September 23, 2005

BEFORE: ROTH, MCKEE and FISHER <u>Circuit Judges</u>,

(Opinion Filed December 19, 2005)

_____

OPINION

_____

**<u>ROTH</u>**, Circuit Judge

1

This is an appeal by Gary Tunnicliffe following his guilty plea in connection with mail fraud. Specifically, Tunnicliffe asks us to vacate his sentence and remand for resentencing in accordance with <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), which we interpret as a request to vacate and remand for resentencing under <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).

Gary Tunnicliffe was a financial advisor licensed to sell certain securities and other investment products to individual investors. Tunnicliffe convinced individual investor clients to liquidate their holdings so that he could invest them in better opportunities. Instead, he diverted their funds for his own use and benefit. The government charged Tunnicliffe with one count of mail fraud in violation of 18 U.S.C. § 1341. He pled guilty on November 3, 2003, and was sentenced to 37 months imprisonment followed by three years of supervised release. Additionally, he was ordered to pay restitution of $508,588.36.

In his plea agreement, Tunnicliffe stipulated to many of the facts the District Court relied on in determining his sentence. Tunnicliffe's plea agreement also includes a waiver of appeal provision: "Tunnicliffe waive[s] certain rights to file an appeal...including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentencing court's determination or imposition of the offense level or its acceptance of any of the stipulations on Schedule A." Schedule A, in turn, provides that the Sentencing Guidelines, as they existed on November 1, 2002,

apply to the offense. Schedule A, however, limits the scope of the waiver and permits appeal if the total offense level determined by the District Court is greater than 19. The District Court assigned an offense level of 21.

The District Court had subject matter jurisdiction under 18 U.S.C. § 3231, which confers original jurisdiction over all offenses against the laws of the United States. Appellate jurisdiction is proper under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

We review a defendant's Booker claim, asserted for the first time on appeal, for plain error. United States v. Davis, 407 F.3d 162, 164-65 (3d Cir. 2005). Tunnicliffe raised a claim under Blakely v. Washington, 124 S. Ct. 2531 (2004), arguing that his sentence should be vacated and the matter remanded for resentencing. Such a claim is sufficient to raise the Booker issue and, at any rate, we treat the issue as raised even if not specifically mentioned in the appeal. See United States v. Urban, 404 F.3d 754, 783 n.12 (3d Cir. 2005) ("We will vacate the sentences of Appellants... even though they have not expressly indicated that they wish to challenge their sentences under *Booker*.").

In Booker, the Supreme Court held that its reasoning in Blakely applied to the Federal Sentencing Guidelines and that the portion of those Guidelines that purported to make them mandatory upon a sentencing judge was invalid. 124 S. Ct. at 755-757. In reaching its conclusion, the Court reiterated its holding in Apprendi v. New Jersey, 530 U.S. 466 (2000): "[a]ny fact, (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty

3

or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  Additionally, where, as here, the District Court appeared to treat the Guidelines as mandatory, we have held that the defendant's claim survives plain error review and requires us to remand for resentencing.  Davis, 407 F.3d at 164.

When a defendant pleads guilty and expressly waives his right to appeal he is usually bound by the terms of his agreement.   United States v. Khattak, 273 F.3d 557, 563 (3d Cir. 2001).   In this case, Tunnicliffe signed a plea agreement with an express waiver provision.  However, the waiver was limited in scope.  The agreement provided that Tunnicliffe would not be permitted to appeal provided the District Court's sentencing determination fell at Level 19 or lower.  Because the District Court sentenced Tunnicliffe at Level 21, the express terms of the plea agreement permit this appeal and United States v. Lockett, 406 F.3d 207 (3d Cir. 2005), is no bar.  Therefore, we affirm the validity of Tunnicliffe's guilty plea but remand for resentencing in accordance with Booker.