

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-27-2006

# USA v. Parker

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3458

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Parker" (2006). *2006 Decisions.* Paper 1708.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1708

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3458

UNITED STATES OF AMERICA

v.

RAYMOND PARKER,
                                                Appellant

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
D.C. Crim. 03-cr-00250-3
District Judge:  The Honorable William W. Caldwell

Submitted Under Third Circuit LAR 34.1(a)
January 9, 2006

Before: BARRY and AMBRO, <u>Circuit Judges</u>, and DEBEVOISE,[*] <u>District Judge</u>

(Opinion Filed: January 27, 2006)

OPINION

---

[*]The Honorable Dickinson R. Debevoise, Senior District Judge, United States District
Court for the District of New Jersey, sitting by designation.

BARRY, <u>Circuit Judge</u>

Appellant Raymond Parker pled guilty to a one count Information charging him with Use of a Communication Facility to Facilitate a Felony Drug Crime, in violation of 18 U.S.C. § 843(b). The District Court found the quantity and type of drugs involved: between five and twenty grams of crack cocaine. Based on this finding, the Court calculated the applicable Sentencing Guidelines range to be 46-48 months imprisonment. The Court, however, departed downward from this range under U.S.S.G. § 5K1.1 based on Parker's substantial assistance to authorities, and imposed a sentence of thirty months imprisonment.

Parker challenges his sentence under *United States v. Booker*, 543 U.S. 220 (2005). Specifically, Parker asserts that his Sixth Amendment rights were violated by the use of judicial fact finding to enhance his sentence based on the amount of drugs involved. He contends that there were no admissions, nor any jury findings beyond a reasonable doubt, regarding the drug quantity.

Because Parker was sentenced before the Supreme Court's decision in *Booker*, his appeal falls within the ambit of our decision in *United States v. Davis*, 407 F.3d 162, 166 (3d Cir. 2005) (*en banc*) (concluding that defendants sentenced before *Booker* should have their sentencing challenge "remand[ed] for consideration of the appropriate sentence by the District Court in the first instance."). Therefore, although we will affirm Parker's conviction, we will vacate his sentence and remand for resentencing in accordance with

*Booker.*