

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-14-2006

# USA v. Abbott

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1140

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Abbott" (2006). *2006 Decisions.* Paper 1438.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1438

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-1140

———

UNITED STATES OF AMERICA,


v.

TRACEY LYNN ABBOTT,
*Appellant*

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 03-cr-00321-7)
District Judge: Honorable Sylvia H. Rambo

———

Submitted Under Third Circuit LAR 34.1(a)
March 9, 2006
Before: AMBRO, and BECKER, *Circuit Judges* and STAGG, *District Judge\**

(Filed: March 14, 2006 )

———

OPINION

———


BECKER, *Circuit Judge*.

———

*The Honorable Tom Stagg, United States District Judge for the Western District of Louisiana, sitting by designation.

Pursuant to a plea agreement, appellant Tracey Lynn Abbott entered a plea of guilty to felony charges involving the distribution of narcotics. He was sentenced to 48 months imprisonment.

Appellant challenges his sentence under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005). In *United States v. Davis*, 407 F.3d 162 (3d Cir. 2005) (en banc), an opinion relating to the denial of a government petition for rehearing en banc concerning consideration of a *Booker* claim on plain error review, this Court stated that except in limited circumstances we will presume prejudice and direct a remand for re-sentencing where the district court imposed a sentence in the belief that the applicable Sentencing Guidelines were mandatory. That was the situation here, and we perceive no circumstance in this case which warrants a different result from that found in *Davis*.

We will therefore vacate the judgment and remand for re-sentencing.