

Villanova University School of Law

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-15-2006

# USA v. Lee

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3349

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Lee" (2006). *2006 Decisions*. Paper 1427.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1427

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-3349

———

UNITED STATES OF AMERICA,

v.

AMEEN LEE
a/k/a "MEENIE"

Ameen Lee,
Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02-cr-00172-13)
District Judge: Honorable Stewart Dalzell

———

Submitted Under Third Circuit LAR 34.1(a)
March 2, 2006

Before: SLOVITER and FUENTES, <u>Circuit Judges</u>, and RESTANI,[*] <u>Judge</u>.

(Filed: March 15, 2006)

———

[*]Honorable Jane A. Restani, Chief Judge of the United States Court of
International Trade, sitting by designation.

1

OPINION OF THE COURT

FUENTES, Circuit Judge.

Ameen Lee ("Lee") appeals his conviction and sentence arising from a multi-defendant drug conspiracy case. Lee argues that there is insufficient evidence to support his conviction, and he challenges his sentence under United States v. Booker, 543 U.S. 220 (2005). For the reasons set forth below, we will affirm his conviction but vacate his sentence and remand this matter for resentencing in accordance with Booker.

## I. Background

As we write solely for the parties, our recitation of the facts will be limited to those necessary to our determination. Lee, along with 36 co-defendants, was indicted for participating in a massive cocaine and crack conspiracy that spanned Philadelphia, western Pennsylvania, Delaware, and other locations. Lee was charged with, and convicted of, the following: conspiracy to distribute cocaine and crack cocaine in violation of 18 U.S.C. § 846; possession of 4.34 grams of crack cocaine on February 2, 2001, with intent to deliver, and possession of that crack cocaine within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841 and 860; possession of 35.95 grams of crack cocaine on March 29, 2001, with intent to deliver, and possession of that crack cocaine within 1,000 feet of a school, in violation of 21 U.S.C. §§ 841 and 860; and possession of

a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Lee received a sentence of 195 months' imprisonment.

## II. Discussion

Lee challenges his conviction, arguing that the evidence presented at trial was insufficient to establish: (1) that he intended to distribute the 4.34 grams of crack cocaine found on his person on February 2, 2001; (2) that he possessed the 35.95 grams of crack cocaine found in the house in which he resided along with at least five other people; and (3) that he was a participant in a single, all-encompassing conspiracy to distribute crack cocaine.

In order to determine whether a conviction is supported by sufficient evidence, "we must determine whether, viewing the evidence most favorably to the government, there is substantial evidence to support the jury's guilty verdict." United States v. Wexler, 838 F.2d 88, 90 (3d Cir. 1988) (citing Glasser v. United States, 315 U.S. 60, 80 (1942)). The "strict principles of deference to a jury's findings" compel us "to draw all reasonable inferences . . . in the government's favor." United States v. Ashfield, 735 F.2d 101, 106 (3d Cir. 1984). We must sustain the verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Voigt, 89 F.3d 1050, 1080 (3d Cir. 1996) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). A claim of insufficiency of the evidence therefore places "a very heavy burden" on the appellant. United States v. Gonzalez, 918 F.2d 1129, 1132 (3d Cir. 1990)

(citation omitted).

Lee has not demonstrated that the evidence presented at trial was insufficient to support his conviction. The Government presented sufficient evidence to demonstrate Lee's intent to distribute the 4.34 grams of crack cocaine found on his person on February 2, 2001. When Lee was arrested that day, he was in possession of 30 packets of crack cocaine packaged into $10 packets and stuffed into his waistband, as well as $746 in United States currency. The crack cocaine packets were identical in appearance to those which were found filled with crack at Lee's home on March 29, 2001. Furthermore, witnesses at Lee's trial testified that Lee was, in fact, a seller of crack cocaine and marijuana at that time at 56th and Catherine Streets, which is where Lee was arrested and searched. Accordingly, viewing the evidence in the light most favorable to the Government, we find that there is substantial evidence from which the jury could conclude that Lee intended to distribute the crack cocaine found on his person on February 2, 2001.

Lee's argument that the evidence was insufficient to establish that he possessed the 35.95 grams of crack cocaine found at 5541 Catherine Street on March 29, 2001 is also without merit. Upon searching the residence at that address, law enforcement officials recovered, among other things, over 35 grams of crack cocaine, packaging materials, a scale, a loaded gun, and ammunition. Although Lee lived at the residence along with at least five other people, there was no evidence that any of the other people were involved

4

with the distribution of crack. In fact, in the drawer in the dining room in which law enforcement officials found a clear plastic bag containing numerous packets of crack cocaine, the loaded gun, and ammunition, the officers also recovered two photo identification cards in the name of Ameen Lee. Thus, the jury's guilty verdict was based upon sufficient evidence.

Lee next argues that there was insufficient evidence of his involvement in a single, all-encompassing conspiracy. We disagree. At trial, the Government presented testimony from law enforcement officials and co-conspirators, as well as physical and electronic evidence, that supported its argument that Lee and his co-defendants engaged in a single, cohesive conspiracy to distribute more than 50 grams of crack cocaine. Viewing this evidence in the light most favorable to the Government, we find that there is substantial evidence from which a jury could find beyond a reasonable doubt that Lee was engaged in the conspiracy charged in the indictment.

Finally, Lee argues that his sentence should be vacated and this matter should be remanded for resentencing pursuant to United States v. Booker, 543 U.S. 220 (2005). It is undisputed that the District Court, in determining Lee's sentence, treated the Sentencing Guidelines as mandatory rather than advisory. Lee is therefore entitled to resentencing. See United States v. Davis, 407 F.3d 162, 165 (3d Cir. 2005) (en banc). Accordingly, we will vacate Lee's sentence and remand this matter for resentencing consistent with Booker.

## III.  Conclusion

For the reasons stated above, we will affirm Lee's conviction, vacate his sentence, and remand this matter for resentencing pursuant to <u>Booker</u>.

———