

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-27-2006

# USA v. Reynolds

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3183

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Reynolds" (2006). *2006 Decisions.* Paper 1387.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1387

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-3183
_____


UNITED STATES OF AMERICA,


v.


RAABITAH REYNOLDS,
a/k/a
ROBERT JOHNSON,
a/k/a
ROBERT REYNOLDS,
a/k/a
RAABITAH GRAY


Raabitah Reynolds,


Appellant.


_____


No. 04-4264
_____


UNITED STATES OF AMERICA,


v.


TYREIK GOLDEN,


Appellant.


_____


1

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

District Court Judge: The Honorable Stewart Dalzell
(Criminal Nos. 02-00172-33 & 02-00172-34)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 2, 2006

BEFORE: SLOVITER and FUENTES, Circuit Judges, and RESTANI,* Chief
International Trade Judge.

(Filed: March 27, 2006)
_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge.

Raabitah Reynolds and Tyreik Golden appeal from their convictions at trial for

conspiracy to distribute cocaine and cocaine base, and Golden also appeals from his

conviction for possession of cocaine base. In addition, Golden appeals his sentence of 140

months in prison. As to their convictions, Reynolds and Golden argue that the evidence

was insufficient to sustain a conviction on the conspiracy count and that the District Court

admitted impermissible hearsay testimony at trial. Reynolds also argues that the District

Court erred in permitting an expert to testify about shootings and the use of firearms

_____

   * Honorable Jane A. Restani, Chief International Trade Judge, sitting by
designation.

within a drug conspiracy. As to his sentence, Golden contends both that the District Court attributed inappropriately large quantities of drugs to him under the Federal Sentencing Guidelines, and that his case should be remanded for resentencing under United States v. Booker, 543 U.S. 220 (2005). We reject the defendants' appeals of their convictions but remand Golden's case for resentencing in accordance with Booker.

## BACKGROUND

Because we write only for the parties, our summary of the facts is abbreviated. In October 2002, Reynolds and Golden were indicted along with thirty-five co-defendants for conspiracy to distribute cocaine and cocaine base. Reynolds was also charged with distribution of cocaine base, and Golden was charged with possession of cocaine base. The District Court severed the defendants and conducted seven separate trials. Golden and Reynolds were tried with one other defendant in March 2004.[1]  Both Reynolds and Golden were convicted of the conspiracy charge, and Golden was convicted on the possession charge, but the jury failed to reach a verdict as to Reynolds' distribution charge.

Reynolds and Golden were sentenced in July and October 2004, respectively, following the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), but prior to Booker. The District Court interpreted Blakely to bar enhancements under the Federal Sentencing Guidelines based on facts not found by the jury, and

---

[1] A fourth defendant was scheduled to be tried with them, but he pled guilty on the morning of the trial.

3

therefore calculated the defendants' Guidelines sentencing ranges in the absence of any

such enhancements. Based on these ranges, the District Court sentenced Reynolds to 200

months in prison and Golden to 140 months in prison. The two cases were joined for this

appeal.

## DISCUSSION

### I.

Reynolds and Golden contend that the prosecution's evidence at trial was

insufficient to support their convictions for conspiracy to distribute cocaine and cocaine

base, and that the District Court should have granted their motions for acquittal.[2] In

considering a challenge based on sufficiency of the evidence, we view the evidence in the

light most favorable to the government and "will sustain the verdict if any rational trier of

fact could have found the essential elements of the crime beyond a reasonable doubt."

United States v. Dent, 149 F.3d 180, 187 (3d Cir. 1998) (internal quotation marks and

citations omitted). Thus, a "'claim of insufficiency of the evidence places a very heavy

burden on an appellant.'" United States v. Gonzalez, 918 F.2d 1129, 1132 (3d Cir. 1990)

(citation omitted).

The defendants make two distinct but related claims of insufficiency – first, that

the government proved, at most, the existence of multiple distinct conspiracies rather than

_____

[2] The District Court had jurisdiction over these federal criminal cases pursuant to 18 U.S.C. § 3231. This Court has jurisdiction over the appeals of conviction and sentence pursuant to 28 U.S.C. § 1291.

4

the single conspiracy alleged in the indictment; and second, that regardless of whether the conspiracy alleged in the indictment was established, the government did not prove that the defendants participated in the conspiracy.

To establish the existence of a conspiracy, the government must prove "a unity of purpose between the alleged conspirators, an intent to achieve a common goal, and an agreement to work together toward that goal." United States v. Gibbs, 190 F.3d 188, 197 (3d Cir. 1999). These elements may be proved entirely through circumstantial evidence. Id. Here, the government alleged a conspiracy headed by Courtney Carter, who obtained cocaine in kilogram quantities and distributed it to two men, James Patterson and Jamal Morris. Patterson and Morris broke down and cooked the cocaine and in turn distributed it to individuals who managed particular drug corners. These managers supervised workers who sold the cocaine on the street. The government alleged at trial that Golden and Reynolds were among these workers.

If a "variance" exists "between the indictment and the proof at trial, to the prejudice of the defendant's substantial rights," the Court must vacate the conviction. United States v. Barr, 963 F.2d 641, 648 (3d Cir. 1992). Under the law of this Circuit, if "'a single conspiracy has been alleged, a variance of proof occurs if the evidence shows merely multiple conspiracies.'" Id. (citation omitted). Here, the defendants assert that a variance occurred because the government did not establish a sufficient connection between lower level workers at different drug corners, and therefore the evidence did not establish a single large conspiracy.

5

This claim cannot succeed. The government laid out in detail the organized operation of the conspiracy, in which drugs were obtained by Carter and moved down an orderly chain to various workers at drug corners for sale. The government clearly established a common goal among the conspirators and the necessity of continuous cooperation for the success of the conspiracy. Moreover, the government presented evidence that members of the conspiracy worked together in numerous ways in sales, acts of violence, and other operations of the conspiracy. This overlap extended to the street sellers – the government presented evidence that various street sellers obtained drugs from each other, discussed drug operations, and occasionally attended parties together and otherwise socialized. (See, e.g., App. 320, 322, 548-56). The fact that the conspiracy included certain sub-operations does not disprove the existence of the larger conspiracy. See United States v. Kelly, 892 F.2d 255, 258 (3d Cir. 1989). Thus, viewing the evidence in the light most favorable to the government, a rational trier of fact could have concluded that the single conspiracy alleged in the indictment was proved at trial.

Reynolds and Golden also argue that even if a single conspiracy was established, the government did not prove that they were members of the conspiracy. Where a conspiracy has been proved, factors relevant to determining whether a defendant was a member of the conspiracy include "the length of affiliation between the defendant and the conspiracy; whether there is an established method of payment; the extent to which transactions are standardized; and whether there is a demonstrated level of mutual trust." Gibbs, 190 F.3d at 199. In this case, the government presented evidence that both

6

Reynolds and Golden had a long-term affiliation with the conspiracy, regularly sold drugs at one of the conspiracy's drug corners, and were considered to be working for a higher level member of the conspiracy. (See, e.g. App. 540, 219-20, 639.) There was also evidence that both defendants participated in discussions relevant to the conspiracy with other members of the conspiracy, see App. 570-76, and that Reynolds was present during a shooting by a member of the conspiracy, see App. 572. Under the strict standard of review that we apply to a sufficiency of the evidence claim, we conclude that the evidence was adequate to support the conviction of both Golden and Reynolds for conspiracy to distribute cocaine and cocaine base.

II.

Next, the defendants contend that much of the evidence presented against them at trial was inadmissible hearsay. Defendants make two distinct arguments in this regard – first, that the District Court erred in its preliminary finding that certain hearsay statements were admissible because they were made in furtherance of the conspiracy; and second, that certain hearsay statements were inadmissible under the Supreme Court's decision in Crawford v. Washington, 541 U.S. 36 (2004). We review the District Court's preliminary admissibility determination for clear error. United States v. Vega, 285 F.3d 256, 264 (3d Cir. 2002). The defendants' claim under Crawford raises a legal issue, which we consider de novo. See United States v. Hendricks, 395 F.3d 173, 176 (3d Cir. 2005).

Under Federal Rule of Evidence 801(d)(2)(E), a statement is not hearsay if it is offered against a party and is made "by a coconspirator of a party during the course and in

7

furtherance of the conspiracy." Before a court may admit a statement under this rule, it must make a preliminary determination that the statement qualifies – i.e., "that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made 'during the course and in furtherance of the conspiracy.'" Bourjaily v. United States, 483 U.S. 171, 175 (1987) (quoting Fed. R. Evid. 801(d)(2)(E)). This determination should be made under a preponderance of the evidence standard. Id. at 176.

We find no clear error in the District Court's admission of statements under Rule 801(d)(2)(E) in this case. As described above, the government presented solid evidence of the existence of a conspiracy and of the participation of Reynolds and Golden in the conspiracy. There was also evidence that the declarants of the alleged hearsay were members of the conspiracy. Golden does not point to any particular statements that were improperly admitted under Rule 801(d)(2)(E). Reynolds suggests that testimony by Kareem Clouden, a cooperating co-conspirator who testified for the government, should not have been admitted. Clouden testified about various discussions he had with other members of the conspiracy, including discussions about retaliating for the robbery of a co-conspirator's girlfriend's home, and about several shooting incidents. The government provided evidence indicating that this testimony involved members of the conspiracy making statements during the course of and in furtherance of the conspiracy, and we find no clear error in the District Court's admission of the statements under Rule 801(d)(2)(E).

The defendants' second claim is that certain hearsay statements testified to at trial were testimonial, and should have been excluded under Crawford v. Washington, 541

8

U.S. 36 (2004). In <u>Crawford</u>, the Supreme Court held that under the Sixth Amendment's Confrontation Clause, testimonial hearsay is inadmissible at trial unless the declarant is unavailable and the defendant was previously able to cross-examine the declarant. <u>Id.</u> at 68. The <u>Crawford</u> Court did not explicitly define testimonial hearsay, but provided several examples, including "prior testimony [given] at a preliminary hearing, before a grand jury, or at a former trial; and . . . police interrogations." <u>Id.</u>

Many of the hearsay statements admitted at trial in this case were statements made by one co-conspirator to another without law enforcement present. These statements do not fall under the <u>Crawford</u> exclusion. <u>See</u> <u>Crawford</u>, 541 U.S. at 51. The defendants object specifically to only one statement admitted at trial that was not between two co-conspirators: Officer Von Williams testified that an individual in a car told him about a shooting incident involving members of the conspiracy. (App. 655-56.)

We need not determine whether Williams' testimony falls under <u>Crawford</u> because any error in admitting the testimony was harmless. <u>See</u> <u>Delaware v. Van Arsdall</u>, 475 U.S. 673, 684 (1986) (stating that errors under the Confrontation Clause are subject to harmless error analysis); <u>United States. v. Al-Sadawi</u>, 432 F.3d 419, 426 (2d Cir. 2005) (noting that <u>Crawford</u> errors are subject to harmless error analysis). Williams' testimony about the shooting was a very minor element of the evidence against the defendants and would not have affected the outcome at trial. Thus, we reject the defendants' appeal on this basis.

III.

9

Reynolds also argues that the testimony of an expert witness, Agent Ken Bellis, should not have been admitted at trial. We review a District Court's decision to admit expert testimony for abuse of discretion. Oddi v. Ford Motor Co., 234 F.3d 136, 146 (3d Cir. 2000).

Under the Federal Rules of Evidence, a qualified expert may provide expert testimony that will "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. Here, Officer Bellis testified as an expert on the operation of drug traffickers in the Philadelphia area, and discussed various aspects of drug organizations, including how they obtain drugs, how they are structured, and how law enforcement investigations of such organizations proceed. This type of testimony is permitted in this Circuit. See United States v. McGlory, 968 F.2d 309, 345 (3d Cir. 1992). Reynolds does not challenge Agent Bellis' qualifications to testify, but argues instead that Bellis' testimony about shootings and the use of firearms in drug conspiracies did not "assist the trier of fact" under Rule 702, and was in fact prejudicial because there was no evidence connecting Reynolds to any firearms or violence. We reject this claim. Bellis' statements about firearms and shootings were not central to his testimony, and in the context of a general discussion of the operation of drug organizations, they did not prejudice Reynolds' case. The District Court reasonably concluded that Agent Bellis' testimony would assist the jury in understanding the nature of the conspiracy alleged by the government. Thus, we hold that the District Court did not abuse its discretion in permitting the testimony of Agent Bellis.

10

## IV.

Lastly, Golden appeals his sentence of 140 months in prison. He argues, first, that under <u>United States v. Collado</u>, 975 F.2d 985 (3d Cir. 1992), the District Court attributed inappropriately large quantities of drugs to him at sentencing, and second, that his sentence was invalid under <u>Booker</u>. We need not consider Golden's <u>Collado</u> claim because we conclude, and the government concedes, that a remand is necessary pursuant to <u>Booker</u>. Although the District Court did not apply enhancements under the Federal Sentencing Guidelines, the record suggests that the Court sentenced Golden under a mandatory Guidelines regime. We therefore vacate the sentence and remand for resentencing in accordance with <u>Booker</u>. <u>See</u> <u>United States v. Davis</u>, 407 F.3d 162, 165 (3d Cir. 2005) (<u>en banc</u>).

## V.

For the foregoing reasons, we affirm the convictions of Golden and Reynolds. We also vacate Golden's sentence and remand for resentencing pursuant to <u>Booker</u>.

———