

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-31-2006

# USA v. Rennert

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1694

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Rennert" (2006). *2006 Decisions.* Paper 1353.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1353

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-1694

UNITED STATES OF AMERICA

v.

PHILIP ANDRE RENNERT,
                                                    Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 96-cr-00051-1
(Honorable Clarence C. Newcomer)

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 9, 2006

Before:  SCIRICA, *Chief Judge*, BARRY and FISHER, *Circuit Judges*

(Filed:     March 31, 2006 )

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

        Philip A. Rennert appeals the denial of his 28 U.S.C. § 2255 motion to vacate, set

aside, or correct his sentence.  We have jurisdiction under 28 U.S.C. § 1291 and 28

U.S.C. § 2253.  We will affirm.

I.

On April 17, 1997, Rennert and four other defendants were convicted by a jury of conspiracy, wire fraud, and securities fraud. The District Court sentenced all five defendants in January 1998. Rennert received 16 months imprisonment, three years supervised release, a $30,000 fine, and $550 in special assessments. All defendants appealed their convictions and sentences. The government filed cross-appeals. On October 15, 1999, we upheld the defendants' convictions in one precedential and several non-precedential opinions, but remanded for re-sentencing, concluding the District Court had not correctly determined the loss attributable to the defendants' conduct or the effect that conduct had on the stock market under U.S.S.G. § 2F1.1 (1997).[1] *See United States v. Yeaman*, 194 F.3d 442, 465 (3d Cir. 1999). Rennert's appeal was decided in a non-precedential opinion. (App. 108–15.)

Rennert and two of his co-defendants, George Jensen and Michael Miller, were re-sentenced on February 13, 2003. Rennert was sentenced to 63 months incarceration and ordered to pay $3,164,882.00 in restitution. The District Court found Rennert's conduct, along with that of his co-defendants, caused losses in the amount of more than $3 million and caused the loss of confidence in an important financial institution — the stock

---

[1]Relevant to this case, former § 2F1.1 contemplated the enhancement of a sentence based on (1) the size of the loss caused by a defendant's conduct, U.S.S.G. § 2F1.1(b)(1), and (2) the effect of that conduct on "the safety and soundness of a financial institution," U.S.S.G. § 2F1.1(b)(8).

market.  Rennert, Jensen, and Miller appealed their sentences, and on June 10, 2004, we affirmed.  *United States v. Rennert*, 374 F.3d 206 (3d Cir. 2004).

Fourteen days later, on June 24, 2004, the Supreme Court decided *Blakely v. Washington*, 542 U.S. 296, 304 (2004), holding Washington state's determinate sentencing scheme violated the Sixth Amendment.  In July 2004, Rennert filed a petition for rehearing en banc, arguing the judicial enhancement of his sentence violated *Blakely*.  This was the first time Rennert raised the *Blakely* issue.  Miller also filed a petition for rehearing.  We denied both petitions on August 5, 2004, and our mandates issued as to both defendants on August 13, 2004.

Miller and Rennert's paths then diverged.  Miller filed a petition for a writ of certiorari in the Supreme Court.  While Miller's petition was pending, on January 12, 2005, the Supreme Court decided *United States v. Booker*, 543 U.S. 220, 245–46 (2005), holding judicial fact-finding under the mandatory federal sentencing guidelines was unconstitutional and making those guidelines advisory.  Consequently, the Court granted Miller's petition, vacated our judgment affirming his sentence, and remanded for further consideration in light of *Booker*.  *Miller v. United States*, 125 S. Ct. 1744 (2005).  We vacated Miller's sentence and remanded to the District Court for re-sentencing.  *United States v. Davis*, 407 F.3d 162 (3d Cir. 2005); *United States v. Miller*, 417 F.3d 358, 361–63 (3d Cir. 2005).

Unlike Miller, Rennert did not file a petition for a writ of certiorari.  On August 12, 2004, he filed a pro se motion under 28 U.S.C. § 2255 in the District Court,

3

challenging his sentence under *Blakely*. Rennert also filed with the District Court a motion for release pending the disposition of his § 2255 motion. On August 29, 2004, the District Court issued an order holding Rennert's § 2255 motion in abeyance until the expiration of the 90-day period in which Rennert could file a petition for certiorari. In a separate order issued the same day, the District Court denied Rennert's motion for release, stating Rennert was unlikely to succeed on the merits of his § 2255 motion because "Courts that have considered the issue have concluded that *Blakely* does not apply retroactively to collateral attacks."

Rennert did not file a petition for writ of certiorari, and his conviction became final on November 3, 2004. Consequently, when the Supreme Court decided *Booker* on January 12, 2005, Rennert's case was no longer on direct review. On January 14, 2005, Rennert sent a letter to the District Court requesting re-sentencing under *Booker*. On February 10, 2005, the District Court issued an order denying Rennert's § 2255 motion, reasoning "*Blakely* cannot be applied retroactively to a case on collateral review." However, because we had not yet decided the retroactive effect of *Blakely*, the District Court issued a certificate of appealability on this ground.

Rennert filed this appeal on March 4, 2005.[2]  We exercise plenary review over the

District Court's legal conclusions.  *United States v. Cepero*, 224 F.3d 256, 258 (3d Cir.

2000).

## II.

Rennert contends the rule announced in *Blakely* and "applied in *Booker*" is

applicable on collateral review to cases like his that became final after *Blakely*, but before

*Booker*.[3]  (Appellant's Br. 15.)  In *Lloyd v. United States*, we held "*Blakely* challenges" to

the federal guidelines "[are] now, of course, governed by the intervening decision, issued

on January 12, 2005, in *Booker*."  407 F.3d 608, 611 (3d Cir. 2005).  We explained, "[i]t

is the date on which *Booker* issued, rather than the date on which *Blakely* issued, that is

the 'appropriate dividing line.'"  *Id.* at 611 n.1 (quoting *McReynolds v. United States*, 397

F.3d 479, 481 (7th Cir. 2005)).  The question on review is whether the rule announced in

*Booker* can be applied to Rennert's § 2255 motion.

As noted, Rennert's conviction became final on November 3, 2004.  Accordingly,

*Booker* cannot apply unless it can be given retroactive effect.  Generally, "new

constitutional rules of criminal procedure will not be applicable to those cases which have

---

[2]On March 21, 2005, Rennert filed a pro se motion in this Court to recall the mandate issued on August 13, 2004 in his direct appeal (No. 03-1511).  We denied this motion on March 31, 2005.

[3]Rennert does not contend his counsel's advice that he file a § 2255 motion instead of a petition for a writ of certiorari amounted to ineffective assistance of counsel.  (Reply 4 n.2.)  Nor does he request that we treat him similarly to his co-defendant Miller and apply *Booker* as if he were on direct review.  ( *Id.* 5.)

become final before the new rules are announced." *Teague v. Lane*, 489 U.S. 288, 310 (1989). A procedural rule is "new" if it was not "dictated" by existing precedent at the time the case became final. *Lloyd*, 407 F.3d at 612 (citing *Beard v. Banks*, 542 U.S. 406, 413 (2004)). But a new procedural rule may still be applied retroactively if it falls under the exception for "watershed rule[s] of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." *Id.* (quoting *Beard*, 542 U.S. at 417).

Rennert contends *Booker* can be applied retroactively because it did not announce a "new" rule. Because the *Booker* rule was "dictated" by *Blakely*, he says, *Booker* can be applied to any case on direct review at the time the Court decided *Blakely*. This argument is foreclosed by our decision in *Lloyd v. United States*, where we held "the *Booker* rule constituted a new rule of criminal procedure for purposes of *Teague*." *Id.* at 612. In our opinion, we cited two other appellate decisions: *Guzman v. United States*, 404 F.3d 139, 142 (2d Cir. 2005), which held the result in *Booker* "was not dictated by *Apprendi* or, for that matter, the Court's later decision in *Blakely*," and *Humphress v. United States*, 398 F.3d 855, 861–62 (6th Cir. 2005), which found "prior to *Booker*, the federal judiciary had been deeply divided as to whether *Blakely* applied to the Federal Sentencing Guidelines, and conflicting opinions issued as to whether *Blakely* rendered those Guidelines unconstitutional." *Lloyd*, 407 F.3d at 613. As stated in *Lloyd*, *Booker* announced a "new" rule of criminal procedure.

Rennert attempts to distinguish *Lloyd*. Because the defendant's sentence in *Lloyd* became final before both *Blakely* and *Booker*, Rennert contends its holding on *Booker*'s

6

retroactivity was "over-broad" and should be "disregarded" as dicta. (Reply 24.) We cannot agree. As noted, we purposefully analyzed the retroactive effect of *Booker*, not *Blakely*, in light of our view that *Booker* controls challenges to the federal guidelines. *Lloyd*, 407 F.3d at 611. That Rennert's sentence became final after *Blakely* is inconsequential to his claim here.

*Lloyd* precludes the retroactive application of *Booker* to Rennert's § 2255 motion. Accordingly, we will affirm the judgment of the District Court.