

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-15-2007

# USA v. Hunter

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4491

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Hunter" (2007). *2007 Decisions.* Paper 216.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/216

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT
OF APPEALS
FOR THE THIRD CIRCUIT

––––––––––

NO. 04-4491

––––––––––

UNITED STATES OF AMERICA

v.

KENNETH HUNTER,
Appellant

––––––––––

On Appeal From the United States
District Court
For the Middle District of Pennsylvania
(D.C. Crim. Action No. 03-cr-00263)
District Judge:  Hon. Sylvia H. Rambo

––––––––––

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 26, 2007

BEFORE:  FISHER, STAPLETON and COWEN, *Circuit Judges*

(Opinion Filed: November 15, 2007)

––––––––––

OPINION OF THE COURT

––––––––––

STAPLETON, Circuit Judge:

On January 22, 2004, appellant Kenneth Hunter pled guilty to distribution of, and possession with intent to distribute, crack cocaine in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 37 months of incarceration followed by three years of supervised release. During the same proceeding, Hunter was also sentenced to 18 months of incarceration on revocation of the term of supervised release imposed for an earlier offense, such sentence to run consecutive to the 37 month sentence.

On this appeal, Hunter insists that his January 22, 2004, plea was not knowing, intelligent, and voluntary because it was entered in reliance on promises made by the United States Attorney's Office which the government failed to keep at the sentencings. Specifically, Hunter insists that his counsel was promised "that the Government would give the Appellant credit for his cooperation in both sentences, i.e., make a motion for downward departure for both the present matter and the supervised release violation and that these sentences would run concurrent to one another, provided that the Appellant's cooperation was satisfactory." Appellant's Br. at 4-5.

After an evidentiary hearing, however, the District Court made the following findings of fact:

> [I]t is the finding of this court that only two promises were made in this case. One, that a Dauphin County case would be dropped, and two, that Defendant's cooperation would be made known to the court and that a 5K1.1 motion would be filed. The court further finds that these promises were kept.

2

The alleged promises that [the Special AUSA] would be handling all events with which Hunter was charged in this court, that his 5K1.1 motion would apply to the drug charge and revocation charge, and that sentences on both cases would be concurrent, were never made.

Appellee's Br. at 29. These findings have ample support in the record. Our standard of review is clearly erroneous, *United States v. Izbonwa*, 120 F.3d 437, 440 (3d Cir. 1997). There is therefore no basis for concluding that Hunter's January 22, 2004, plea is infirm in any way.

The government acknowledges that Hunter is entitled to be resentenced under the teachings of *United States v. Davis*, 407 F.3d 162 (3d Cir. 2005), and we will vacate the judgment of the District Court and remand for resentencing only. Hunter may tender to the District Court at resentencing any of the five "supplementary issues" raised in his October 23, 2006, Supplementary Response. Any issues so tendered should be addressed by the District Court in the first instance.