

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-29-2006

# USA v. Thomas

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2579

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Thomas" (2006). *2006 Decisions.* Paper 1372.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1372

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Case No. 04-2579

———————

UNITED STATES OF AMERICA

v.

HASSAN THOMAS,

Appellant

———————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 03-cr-00062-2)
District Judge:  Honorable Yvette Kane

———————

Submitted Under Third Circuit LAR 34.1(a)
January 25, 2006

Before:  RENDELL and STAPLETON, Circuit Judges,
and GILES*, District Judge

(Filed March 29, 2006)

———————

OPINION OF THE COURT

———————

_____

  * Honorable James T. Giles, Judge of the United States District Court for the Eastern
    District of Pennsylvania, sitting by designation.

RENDELL, *Circuit Judge*.

Hassan Thomas raises a challenge based on *United States v. Booker*, 125 S. Ct. 738 (2005), to the sentence he received following his guilty plea on charges of distributing an unspecified quantity of crack cocaine. He was sentenced to 176 months after the District Judge found that the proper drug amount for sentencing purposes was between 50 and 150 grams. Because a defendant convicted on a drug offense cannot be sentenced until a drug amount is determined, *see* U.S. Sentencing Guidelines Manual § 2D1.1, Thomas's guilty plea alone did not support *any* sentence. Thus, the amount determined by the District Court was necessarily a fact that enhanced Thomas's sentence beyond the "maximum authorized by the facts established by a plea of guilty." *Booker*, 125 S. Ct. at 756. After *Booker*, such facts cannot be found by the District Judge, but must be admitted by the defendant or made by a jury. *Id.* Accordingly, we will vacate Thomas's sentence and remand for resentencing in accordance with *Booker*. *See United States v. Davis*, 407 F.3d 162, 164 (3d Cir. 2005) (en banc).