

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-30-2006

# USA v. Nunez-Hernandez

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4008

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"USA v. Nunez-Hernandez" (2006). *2006 Decisions.* Paper 1367.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1367

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No.04-4008

———————————

UNITED STATES OF AMERICA

v.

JOSE NUNEZ-HERNANDEZ,
a/k/a Jose Nunez,
a/k/a Alex Acosta,
a/k/a Raphael Acosta,
a/k/a Francisco
Rondon-Aradia,

Jose Nunez-Hernandez,

Appellant

————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 04-cr-00323)
District Judge: Honorable Berle M. Schiller

————————————

Submitted under Third Circuit LAR 34.1(a)
on September 15, 2005

BEFORE:  ROTH, MCKEE and FISHER, Circuit Judges

(Opinion Filed March 30, 2006)

**ROTH**, <u>Circuit Judge</u>:

This case is an appeal from the District Court's judgment of conviction and sentence. For the reasons given below, we will affirm the conviction and sentence.

## I.    Factual Background and Procedural History

As the facts are well known to the parties, we give only a brief description of the issues and procedural posture of the case.

On June 3, 2004, the defendant, Jose Nunez-Hernandez, was charged with reentering the United States after deportation without obtaining prior approval from the Attorney General. 8 U.S.C.§ 1326(a) provides for up to two years imprisonment for anyone who reenters the United States after being deported. 8 U.S.C.§ 1326(b)(2) provides for up to twenty years imprisonment if the removal was subsequent to a conviction for an aggravated felony. Notice of prior conviction was attached to the indictment stating that the defendant had previously been convicted twice of aggravated felonies as defined by 8 U.S.C. § 1101(a)(43)(B). On July 12, 2004, Hernandez entered an open plea of guilty to the indictment while not admitting to the prior convictions.[*]

The Presentence Investigation Report (PSR) calculated a total offense level of 21, based in large part on the fact that the defendant was deported after being convicted of felony drug trafficking. The PSR calculated a criminal history of IV based on three prior

---

[*]The District Court did not treat the prior convictions as an element of the offense.

2

convictions. The Sentencing Guidelines range for an offense level of 21 and a criminal history category of IV is 57 to 71 months. Hernandez objected to the PSR's enhancement of the total offense level as well as the calculation of his criminal history based on the use of his prior criminal convictions.

The District Court ruled that Hernandez's prior convictions for aggravated felonies could be taken into account under 8 U.S.C.§ 1326(b)(2) without a jury finding pursuant to the Supreme Court's decision in United States v. Almendarez-Torres, 523 U.S. 224 (1998). The District Court determined that Hernandez had been deported following a conviction for an aggravated felony. Therefore, the statutory maximum penalty for the offense was raised from two to twenty years pursuant to 8 U.S.C. § 1326(b)(2).

Next, the District Court accurately predicted the Supreme Court's two holdings in United States v. Booker, 125 S. Ct. 738 (2005) where the Court held that the Sentencing Guidelines were unconstitutional as applied and thus are merely advisory. Having ruled that the Guidelines were advisory, the District Court sentenced Hernandez to a 57-month term of imprisonment, a $100 special assessment, and a three-year period of supervised release. The 57-month term represented the minimum term of incarceration according to the Guidelines range. This appeal followed.

## II.    Jurisdiction and Standard of Review

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 because the

indictment charged an offense against the laws of the United States. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

## III. Discussion

Hernandez makes two related challenges to his sentence. First, he questions the continued validity of Almendarez-Torres in light of Apprendi v. New Jersey, 530 U.S. 466 (2000) and the line of related cases. See Blakely v. Washington, 542 U.S. 296 (2004); Booker, 125 S. Ct. 738. In Apprendi, the Supreme Court held that a jury determination must be made for facts that subject a defendant to a greater maximum sentence. Id. Here, Hernandez was subject to twenty years imprisonment under 8 U.S.C.§ 1326(b)(2) rather than two years pursuant to 8 U.S.C. § 1326(a) based on his prior convictions, which during his plea he never admitted occurred. Hernandez contends that the judge's factual determination that Hernandez had previously committed an aggravated felony resulting in deportation was unconstitutional.

Hernandez's argument fails because Apprendi explicitly declined to overrule Almendarez-Torres. Id. at 489-90. Moreover, this Court has rejected defendant's argument notwithstanding the Apprendi line of cases. See United States v. Ordaz, 398 F.3d 236, 241 (3d Cir. 2005) (noting that the decision in Almendarez-Torres still stands despite Blakely and Booker because "as an inferior federal court we have the responsibility to follow directly applicable Supreme Court decisions.").

4

Second, Hernandez makes another challenge[**] based on Booker's remedy holding. In Booker, the Supreme Court held that the Sentencing Guidelines, in order to pass constitutional muster, cannot be treated as mandatory. Here, the District Court treated the Sentencing Guidelines as advisory. Nonetheless, Hernandez claims that his sentence should be vacated and remanded on the ground that the District Court did not consider any of the more generic sentencing factors in 18 U.S.C. § 3553(a) as required by Booker. 125 S. Ct. at 764 ("Without the 'mandatory' provision, the Act nonetheless requires judges to take account of the Guidelines together with other sentencing goals."); United States v. Crosby, 397 F.3d 103, 115 (2d Cir. 2005) (holding that a "sentencing judge would commit a statutory error . . . if the judge failed to 'consider' the applicable Guidelines range . . . as well as the other factors listed in section 3553(a)"). Hernandez claims that the District Court's failure to consider the other factors in open court constitutes error. 18 U.S.C. § 3553(c) ("The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence.").

Hernandez's claim fails for three reasons. First, post-Booker we do not expect the District Court in every case to conduct an accounting of each 3553(a) factor and note how each influenced the sentencing decision. United States v Robles, 408 F.3d 1324, 1328 (11th Cir. 2005). Second, the record demonstrates that the District Court considered Hernandez's background, family circumstances, criminal history, and reasons for

_____

[**]This argument was not presented to the District Court.

5

reentering the United States. There is no reason to think that these factors were not considered in light of the sentencing goals of 18 U.S.C. § 3553(a). Finally, Hernandez fails to demonstrate plain error by the District Court. United States v. Davis, 407 F.3d 162, 164-5 (3d Cir. 2005) (using the plain error analysis where the defendant did not raise the Booker issue before the District Court). Moreover, prejudice cannot be presumed since the District Court applied the Sentencing Guidelines in an advisory fashion. Id.

## IV. Conclusion

For the reasons explained above, we will affirm the judgment of conviction and sentence.